495 P.2d 806

Beth Larene Winkler GRAHAM, for herself and as Guardian of the Estates of Teri Lynn Graham, et al., Plaintiffs,

v.

The INDUSTRIAL COMMISSION of Utah and Ward Foods, Inc., American Sheep Company Division, Defendants.

No. 12398.

Supreme Court of Utah.

April 3, 1972.

Denis R. Morrill, of Mulliner, Prince & Mangum, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., W. J. O'Connor, Jr., of Ray, Quinney & Nebeker, Salt Lake City, for defendants.

On Petition for Rehearing

ELLETT, Justice:

A petition for rehearing has been filed in this case. We find no merit to the contentions therein contained except as to Point II relating to the last sentence of the prevailing opinion, 26 Utah 2d 424, 491 P.2d 223, wherein this court stated that plaintiff was entitled to a reasonable attorney's fee pursuant to Section 35–1–87, U.C. A.1953. That section reads as follows:

In all cases coming before the industrial commission in which attorneys have been employed, the commission is vested with full power to regulate and fix the fees of such attorneys.

It appears that this section applies only to the fixing of fees of an attorney out of any award made to his client and does not authorize the Industrial Commission to assess attorney's fees as costs against either party.

We, therefore, modify the last sentence of the opinion to read: "The plaintiff is entitled to costs"; and having done so, deny the petition for rehearing.

TUCKETT and CROCKETT, JJ., concur.

HENRIOD, Justice:

The opinion on rehearing denying it concedes that the main opinion erred in saying the plaintiff was entitled to attorney's fees on appeal. It is submitted that the same kind of error permeates the whole of the previous and main opinion where it is said, in the first paragraph that:

The plaintiff . . . is entitled to an award under the compensation insurance

 

laws of Utah of approximately $20,000 [maximum allowable] against the . . . Travelers Insurance Company.

The only basis for such a statement is the main opinion's statement which is inaccurate, completely untenable and in contravention of our own statutes, for three good reasons: (1) The plaintiff has recovered far in excess of $20,000 already in satisfaction of her claim and can get no more by filing a claim with the Commission where no attorney need be necessary and this court cannot tell the Commission what its award must be, as is said or implied in the main opinion in complete disagreement with the decision remanding the case "with directions to determine the proper award to be made to plaintiff" which (2) obviously cannot be made when plaintiff has received more than the Commission possibly could have given, and because (3) using the language of that opinion to the effect that "Had the Commission first made an award to the plaintiff, the Travelers . . . would have paid the same," conceding that no petition had been filed before plaintiff already had satisfied her claim fivefold over the maximum of our state, is unwarranted speculation substituting our judgment and authority for that of the prerogative of the legislature and the authority of the Commission. The only true, possible or logical answer to the "ifs" of the main opinion simply is that they did not occur and this court can't "nunc pro tunc" them.

The Industrial Commission should have been affirmed, both on the law and if the facts are questionable as they seem to be, but gratuitously found in and to the liking of the main opinion, on the tritely convenient aphorisms that "the lower tribunal will be sustained if supported by competent evidence in a light most favorable etc. . . . " to something or somebody.

CALLISTER, C. J., concurs in the opinion of HENRIOD, J.