OLYMPUS OIL, INC., the Workers' Compensation Fund of Utah, and the Employers' Reinsurance Fund, Petitioners,

v.

Stanley Lou HARRISON, and the Industrial Commission of Utah, Respondents.

No. 880279–CA.

Court of Appeals of Utah.

Aug. 14, 1989.

James R. Black and Kevin M. McDonough, Black & Moore, Salt Lake City, for Workers' Compensation Fund of Utah.

Erie V. Boorman, Jr., Salt Lake City, for Employers' Reinsurance Fund.

Virginius Dabney, Dabney & Dabney, P.C., Salt Lake City, for Stanley Lou Harrison and Olympus Oil, Inc.

R. Paul Van Dam and Barbara Elicerio, Salt Lake City, for Industrial Comm'n of Utah.

James M. Elegante, J. Michael Bailey, Parsons, Behle & Latimer, Salt Lake City, for amici curiae: Utah Mfrs. Ass'n, Utah Petroleum Ass'n and Utah Min. Ass'n.

Stuart L. Poelman, Henry K. Chai, II, Snow, Christensen & Martineau, Salt Lake City, for amici curiae: Argonaut Ins., Electric Mut. Ins., Fireman's Fund, Great American Ins., Industrial Indem., K–Mart Corp., Nordstrom, Inc., Royal Ins., Underwriters Adjusting Co., United Pacific, and Weber County.

Before BENCH, GARFF and ORME, JJ.

## OPINION

BENCH, Judge:

Olympus Oil, Inc., through its insurance carrier, the Workers' Compensation Fund of Utah, and the Employers' Reinsurance Fund (previously known as the "Second Injury Fund") seek review of a decision of the Industrial Commission of Utah (Commission). The Commission held that an employer or its insurance carrier can be required to pay an injured worker's attorney fees in addition to, rather than from, a worker's compensation award. We reverse the Commission's order and remand for further proceedings.

On November 16, 1982, Stanley Lou Harrison injured his left knee while performing his regular job duties as an employee of Olympus Oil, Inc. The Workers' Compen-

sation Fund of Utah subsequently paid Harrison's medical expenses and temporary total disability compensation for the industrial injury. Harrison later claimed permanent partial disability from the industrial injury and permanent partial disability from various preexisting conditions. The Commission scheduled a formal hearing before an Administrative Law Judge (A.L.J.) on November 4, 1986, in order to resolve those claims.

Following the hearing, the A.L.J. held that Harrison was entitled to permanent partial disability compensation for both the industrial injury and his preexisting conditions. The A.L.J. apportioned liability for Harrison's combined "whole man" impairment between the Workers' Compensation Fund of Utah and the Employers' Reinsurance Fund. The A.L.J. also ordered the employer and/or its insurance carrier to pay Harrison's attorney $5,246.54 for legal fees, such sum to be deducted from Harrison's award. The A.L.J. rejected an additional award of attorney fees to be based on the liability of the Employers' Reinsurance Fund in the case, i.e., the amount the Employers' Reinsurance Fund was ordered to reimburse the employer's insurance carrier. Harrison then filed a motion for review, arguing that his attorney was entitled to the additional fees because, under the Commission's rules, the attorney had "generated" that reimbursement. The Workers' Compensation Fund of Utah responded with its own motion for review, challenging the calculation of attorney fees and the A.L.J.'s initial apportionment of liability. Prior to a hearing before the A.L.J. to consider the motions for review, Harrison sent a letter to the A.L.J. arguing that the attorney fees should not be deducted from his award, but added to it.

Following the second hearing, the A.L.J. issued a supplemental order resolving these issues. Olympus Oil, Inc. and/or the Workers' Compensation Fund of Utah was ordered to pay Harrison's attorney fees in addition to the award of compensation, rather than to deduct them from it. The A.L.J. concluded that the prior practice of deducting attorney fees from the award was "unconscionable" because it provided the injured worker less than his or her full entitlement under the Workers' Compensation Act. The A.L.J. explained that the prior practice also improperly gave the employers and their insurers full control over whether benefits are paid or denied, thus forcing the injured worker to retain counsel to obtain full compensation. By rejecting this practice, the A.L.J. believed that insurance carriers would more fully investigate before denying claims. The A.L.J. also rejected the argument that attorney fees should be calculated on the liability of the Employers' Reinsurance Fund and refused to alter his initial apportionment of liability.

On April 25, 1988, the Commission affirmed the A.L.J.'s supplemental order by a 2 to 1 vote. In so doing, the Commission rejected the longstanding practice of deducting attorney fees from the award of compensation, and thus adopted a policy of ordering payment of attorney fees in addition to the injured worker's award of compensation. The Commission found the authority to implement this new policy in Utah Code Ann. § 35–1–87 (1988), which provides that the Commission is granted "full power to regulate and fix the fees" of attorneys appearing before it. The Commissioner who voted not to affirm the A.L.J.'s supplemental order concluded that the Commission lacked the authority to make a separate award of attorney fees. He concurred, however, in the remainder of the majority's ruling. Olympus Oil, Inc., through the Workers' Compensation Fund of Utah, and the Employers' Reinsurance Fund petitioned for review of the Commission's decision.[1]

The issue framed for resolution is whether the Commission has the authority under section 35–1–87 to assess attorney fees

---

1. Harrison also sought review of the Commission's ruling. His petition raised the issue of whether his attorney should be awarded fees on the funds reimbursed by the Employers' Reinsurance Fund to the employer and its insurance carrier. Since this issue was withdrawn at oral argument, we address only the issues raised by Olympus Oil, Inc., the Workers' Compensation Fund of Utah, and the Employers' Reinsurance Fund.

against the employer or its insurance carrier in addition to, rather than from, the injured worker's award.

■■ At the outset, we note that issues involving the interpretation of legislative acts and the statutory boundaries of the Commission's power and authority involve questions of law. *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 608 (Utah 1983). Resolution of the issue in this case is not benefitted by the Commission's expertise or experience. *See, e.g., Bennett v. Industrial Comm'n*, 726 P.2d 427 (Utah 1986) (the Commission has no expertise or experience in determining whether a worker is an "employee" within the meaning of the workers' compensation laws). We thus apply a correction-of-error standard with no deference given to the expertise of the Commission. *State Tax Comm'n v. Industrial Comm'n*, 685 P.2d 1051, 1052 (Utah 1984).[2]

Harrison defends the Commission's ruling under Utah Code Ann. §§ 35–1–65.1, –66, –67, and –68 (1988), which, he argues, entitle injured workers to one hundred percent of their benefits. He contends that only where a claim is fully accepted by the insurer without litigation does the injured worker receive full benefit and entitlement under the Workers' Compensation Act. Where the employer or its insurer denies benefits, however, the injured worker is forced to adjudicate the matter, and his or her entitlement is unfairly reduced by legal fees. Harrison argues, as a policy matter, that employers or their insurance carriers should not have such discretion to deny injured workers their full entitlement.

■■ This policy argument is best addressed to the legislature. *See, e.g., P.H. Investment v. Oliver*, 778 P.2d 11 (Utah Ct.App.1989) (as a general rule, the judiciary is best suited for fleshing out general formulations of rules and principles rather than creating new ones). In his treatise on workers' compensation law, Professor Arthur Larson surveys a number of states that have, by statute, added attorney fees to a claimant's award. 3 A. Larson, *Workmen's Compensation Law* § 83.12(b)(1) (1989). He records not even a single instance, however, where this result has been reached by judicial decision. *Id.*

■■ Utah has no statute which specifically authorizes attorney fees in addition to compensation benefits.[3] Harrison contends that the language of section 35–1–87, "the commission is vested with full power to regulate and fix the fees of such attorneys," is broad enough to authorize the Commission to assess attorney fees against the employer or its insurance carrier. We disagree. The Utah Supreme Court has previously interpreted this statute in *Graham v. Industrial Comm'n*, 27 Utah 2d 279, 495 P.2d 806 (1972). *Graham* involved the fixing of attorney fees with respect to third-party suits in workers' compensation cases. The court, referring to section 35–1–87, held that "this section applies only to the fixing of fees of an attorney out of any award made to his client and *does not authorize the Industrial Commission to assess attorney's fees as costs against either party.*" *Id.* at 807 (emphasis added).

■■ Although *Graham* poses certain factual differences, we conclude that this distinction is immaterial. Because we are convinced that *Graham* does not limit its application to cases involving third-party suits, *Graham* applies generally to the Commission's authority to fix attorney fees, and thus disposes of the issue on appeal. *See also* Note, *Attorney's Fees in*

---

**2.** We apply this standard of review in lieu of standards set forth in the Utah Administrative Procedures Act, Utah Code Ann. § 63–46b–16(4)(h)(iii) (1988), because this proceeding was commenced prior to the effective date of that Act.

**3.** In 1985, two bills introduced in the Utah House of Representatives would have amended section 35–1–87. House Bill No. 186 would have added the following provision: "except that in cases in which compensation is granted, attorney fees shall be paid by the non-prevailing party." House Bill No. 332 would have allowed the Commission to award to the attorney representing the applicant attorney fees to be paid by the employer or the insurance carrier in addition to compensation otherwise payable by the employer or the insurance carrier. Neither bill was enacted into law.

*Utah*, 1984 Utah L.Rev. 553, 559 ("The fee is paid out of the award made to the complainant, the Commission having no authority to assess attorney's fees against the opposing party as an additional penalty."). Accordingly, we hold that the Commission is not statutorily authorized to make awards of attorney fees in addition to awards of compensation benefits. Until the Commission acquires such authorization, it is also powerless to "add on" attorney fees by rule. *See Crowther v. Nationwide Mut. Ins. Co.*, 762 P.2d 1119, 1122 (Utah Ct.App.1988) ("An administrative agency's authority to promulgate regulations is limited to those regulations which are consonant with the statutory framework, and neither contrary to the statute nor beyond its scope.").

We also hold that the Commission erred in apportioning liability between the Workers' Compensation Fund of Utah and the Employers' Reinsurance Fund. The recent case of *Wicat Systems v. Pellegrini*, 771 P.2d 686 (Utah Ct.App.1989), held that the 1984 amendments to the Employers' Reinsurance Fund provisions were substantive, not procedural or remedial, and thus did not apply retroactively. Since Harrison's industrial injury occurred in 1982, the law in effect at that time indicates that liability should have been apportioned thirty-nine percent against the Workers' Compensation Fund and sixty-one percent against the Employers' Reinsurance Fund.

We therefore reverse the order of the Commission, and remand the case for further proceedings consistent with this opinion. In view of this result, we have no occasion to reach the merits of other issues raised by the parties.

Reversed and remanded.

GARFF and ORME, JJ., concur.