**Lesa D. SHEPPICK, as personal representative of the Estate of David A. Sheppick, Plaintiff and Appellant,**

v.

**ALBERTSON'S, INC., and Scott Wetzel Services, Inc., Defendants and Appellees.**

No. 940364.

Supreme Court of Utah.

Aug. 13, 1996.

assessments and therefore does not merit a reversal of that order.

Floyd W. Holm, Cedar City, for plaintiff.

Steven J. Aeschbacher, Salt Lake City, for defendants.

STEWART, Associate Chief Justice:

This case is here on appeal from an order of the trial court dismissing David A. Sheppick's claims against his former employer, Albertson's, Inc., and Scott Wetzel Services, Inc., Albertson's workers' compensation administrator, for bad faith and unfair dealing in refusing to pay Sheppick's claim for medical expense reimbursement under the Workers' Compensation Act.

## I. FACTS

The events that give rise to this case occurred over a seven-year period. While employed by Albertson's, which was self-insured under the Workers' Compensation Act, David Sheppick suffered a work-related back injury on or about July 4, 1986, and did not work at Albertson's after that time. On February 23, 1990, the Industrial Commission awarded him permanent total disability benefits and medical benefits for treatment of the work-related injury. Since that time, the Commission has retained jurisdiction over this matter.

In 1992, Sheppick applied to the Commission for an award of medical expenses for treatment of the L1–2 and L2–3 areas of his spine. In response to Sheppick's application, Albertson's asserted that this injury did not arise from Sheppick's July 4, 1986, industrial accident. The issue was submitted to a medical panel, and it found that the injury to the L1–2 and L2–3 areas was related to the industrial accident. The Commission ruled on the basis of the medical panel's report that Sheppick was entitled to receive payment for the medical treatment necessary "to treat his problems at L1–2 and L2–3 and that the cost of the treatment was to be assumed by Albertson's." This supplemental order was entered May 17, 1993.

Subsequently, Sheppick claimed that he had suffered an injury to a different part of his spine, the L3–4 level, and sought additional medical and travel reimbursement from Albertson's. Albertson's refused to pay, asserting that the injury was not related to the industrial accident but had been caused by activities occurring subsequent thereto. In response, Sheppick filed an application in September 1993 with the Commission for a hearing to determine whether he was entitled to medical and travel expenses related to that injury. In October 1993, Albertson's answered Sheppick's application, alleging that his injury was caused by events subsequent to the industrial accident and raising the issue of his permanent total disability status. Before a hearing could be held, Sheppick withdrew his application, and the Commission issued an order of dismissal.

Sheppick then filed a complaint in district court on February 14, 1994, against Albertson's and Scott Wetzel Services, alleging bad faith refusal to pay his claim for medical and travel expenses and for "enforcement" of the Commission's May 1993 order. The trial court dismissed Sheppick's complaint against both defendants for lack of jurisdiction and failure to state a claim.

On this appeal, Sheppick argues that (1) the complaint asserted a valid claim for relief for "bad faith" against defendants, irrespective of privity of contract with them; (2) the dismissal of plaintiff's bad faith claims was unconstitutional under the Utah open courts provision, Article I, section 11; (3) the district court had jurisdiction under Utah Code Ann. § 35-1-59 to enforce the stipulation and order and supplemental order as an "award" made by the Commission; (4) the district court had subject matter jurisdiction to de-

termine the dispute between the parties under the declaratory judgment act; and (5) plaintiff's claims were not barred under the exclusive remedy provision of the Workers' Compensation Act, Utah Code Ann. § 35–1–60. Following David Sheppick's unrelated death in June 1995, we granted an order substituting his wife, Lesa D. Sheppick, as plaintiff.

The dispositive issue in this case is whether the district court had jurisdiction to determine the issues in dispute or whether those issues either fell within the exclusive jurisdiction of the Commission or were dependent on Commission action as an essential prerequisite to the exercise of judicial jurisdiction.

## II. THE EXCLUSIVE REMEDY PROVISION OF THE WORKERS' COMPENSATION ACT AND THE INDUSTRIAL COMMISSION'S EXCLUSIVE JURISDICTION TO AWARD BENEFITS UNDER THE ACT

■ Whether the Commission has exclusive jurisdiction to determine entitlement to workers' compensation benefits is an issue of law subject to a correctness standard of review. *See State Dep't of Social Servs. v. Vijil*, 784 P.2d 1130, 1132 (Utah 1989).

Sheppick's basic argument is that the district court had jurisdiction to decide his eligibility under the Act for medical and travel benefits for the injury to the L3–4 area of his spine and to award him damages for defendants' bad faith refusal to settle his claim for those expenses. Specifically, he argues that the district court had jurisdiction to do so because Utah Code Ann. § 35–1–59 permits a worker to enforce a Commission order by docketing the award in a district court so that it can be enforced as a judgment. Sheppick concludes from this that the Act recognizes the jurisdiction of the district court to make compensation awards.

Plaintiff's argument is founded on a misunderstanding of the jurisdiction of the Commission and the district courts with respect to the award of benefits under the Act.

■ The Workers' Compensation Act is a comprehensive scheme enacted to provide speedy compensation to workers who are injured as a result of an accident occurring in the course and scope of their employment, irrespective of negligence on the part of employers or employees. The Act basically creates a no-fault type insurance protection scheme for work-related injuries in lieu of traditional common law tort remedies. Although in some cases, the amount of compensation a worker can receive under the Act is more limited than the worker might receive in common law damages, compensation is available without regard to fault, is more flexible in providing for physical disabilities and loss of wages, medical benefits, and benefits for dependents and survivors, and is provided more speedily and generally with less expense.

■ The remedies provided by the Act for injuries to workers are exclusive of common law remedies. Section 35–1–60 of the Utah Code provides that compensation awarded under the Act is "exclusive" and the "liabilities of the employer imposed by the Act shall be in place of any and all other civil liability whatsoever, at common law or otherwise." That section further provides that "no action at law may be maintained against an employer or against any officer, agent, or employee of the employer based upon any accident, injury, or death of an employee."

■ Although the Act does not specifically state that no court may award benefits provided by the Act, that is its clear import. District courts have no jurisdiction whatsoever over cases that fall within the purview of the Workers' Compensation Act. *See Morrill v. J & M Constr. Co.*, 635 P.2d 88, 89 (Utah 1981); *Bryan v. Utah Int'l*, 533 P.2d 892 (Utah 1975); *Ortega v. Salt Lake Wet Wash Laundry*, 108 Utah 1, 5, 156 P.2d 885 (1945); *Murray v. Wasatch Grading Co.*, 73 Utah 430, 435, 274 P. 940 (1929). They may enforce an award only if it is properly docketed. Utah Code Ann. § 35–1–59. The court of appeals has power only to exercise appellate review of Commission awards, not to make awards itself. Utah Code Ann. § 35–1–86.

■ The Act allows for only two instances in which resort to a district court may be had for a judicial common law remedy but not for a compensation award. First, an employee

injured by a willful or intentional tortious act of an employer or a fellow employee may sue in a district court for a common law remedy. *Mounteer v. Utah Power & Light Co.,* 823 P.2d 1055 (Utah 1991); *Bryan v. Utah Int'l,* 533 P.2d 892 (1975); *see Lantz v. National Semiconductor Corp.,* 775 P.2d 937 (Utah Ct.App.1989); *see also* Eric Hollowell, Annotation, *Willful, Wanton, or Reckless Conduct of Coemployee as Ground of Liability Despite Bar of Workers' Compensation Law,* 57 A.L.R.4th 888 (1987).

■ Second, if an employer fails to comply with the insurance requirements stated in Utah Code Ann. § 35–1–46, which requires employers either to provide workers' compensation insurance or to be self-insured if the Commission finds that certain requirements are met, an employee may sue in district court for personal injuries "arising out of or in the course of employment caused by the wrongful act, neglect or default of the employer or any of the employer's officers, agents or employees." Utah Code Ann. § 35–1–57. In such an action, an employer may not defend on the ground of the fellow-servant rule, assumption of risk, or contributory negligence. Proof of the worker's injury constitutes prima facie evidence of negligence on the part of the employer, and the burden is on the employer to show freedom from negligence resulting in the employee's injury.[1]

■ Plaintiff argues that the district court had jurisdiction under § 35–1–59 to adjudicate its claim for medical benefits. That section provides: "An abstract of any award may be filed in the office of the clerk of the district court.... Execution may be issued thereon within the same time and in the same manner and with the same effect as if said award were a judgment of the district court." The purpose of this provision is to provide an employee with a judicial remedy for enforcing compensation awards in cases the Industrial Commission has adjudicated. The Commission itself has no authority to issue a judgment that can be enforced against the property of an employer or an insurance company that fails to pay an award. Thus, § 35–1–59 does not confer jurisdiction on a court to make a workers' compensation award; it only authorizes courts to enforce judgments on awards made by the Commission. If defendants had failed to pay the compensation ordered by the Commission, Sheppick could have docketed the orders in a district court and proceeded to enforce a judgment based thereon. Defendants did, however, comply with the awards made by the Commission.

■ The instant dispute arose subsequent to those awards when Sheppick claimed for the first time that he was entitled to compensation for an injury to a somewhat different area of his back, the L3–4 area. Defendants contended that this injury was not caused by the industrial accident but was incurred after Sheppick's employment was terminated. Rather than submitting the issue of whether that injury was prior-work-related to the Commission for adjudication as Sheppick had done in the supplemental proceeding, he withdrew his petition for an award of additional medical benefits before the Commission could decide whether the L3–4 injury was caused by the industrial accident. The Commission, therefore, had no option but to dismiss the petition. Because the Commission issued no order respecting the alleged L3–4 injury and the district court had no order on which a judgment could be entered, it had no jurisdiction to adjudicate plaintiff's claim, and the Commission had exclusive jurisdiction thereof. *Cf. United States Smelting, Refining & Mining Co. v. Evans,* 35 F.2d 459 (8th Cir.1929).

■ Thus, although Utah Code Ann. § 35–1–60 explicitly speaks only in terms of an "exclusive remedy" and although an exclusive remedy does not necessarily mean exclusive jurisdiction, it is clear from the context of that provision and other provisions that the exclusive remedy provided in § 35–1–60 and the means for adjudicating the right to such a remedy rests with the Commission,

---

1. Utah Code Ann. § 35–1–55 provides that certain employees and their employers are exempt from the provision of the Act under certain conditions. In addition, employers engaged in certain kinds of work activities are exempt from the provisions ·of the Act. *See* Utah Code Ann. §§ 35–1–42, –43.

and only the Commission. *See also* Utah Code Ann. §§ 35–1–16, 35–1–27.

■ Plaintiff argues that the district court could and should have enforced the Commission's supplemental order of May 17, 1993, which in effect provided lifetime medical benefits for treatment of the injuries arising out of the industrial accident. Plaintiff asserts that on that basis, the district court should have granted him medical benefits for the L3–4 injury. The argument assumes that the district court could have made the factual and legal determinations necessary for such an award, i.e., that the L3–4 injury was related to the industrial accident. That determination, however, lies squarely within the exclusive jurisdiction of the Industrial Commission. The whole scheme of the Workers' Compensation Act contemplates that only the Commission can make awards of benefits under the Act and the necessary factual and legal conclusions in support thereof. Not only do the terms of the Act refer exclusively to the Commission in those sections dealing with the adjudication of claims and the award of benefits, but the Commission itself is intended to develop and apply the kind of expertise that grows out of the special situations to which the Act applies and to give full force to the remedial provisions of the Act.

■ In contrast to like actions at common law, under the Workers' Compensation Act, the Commission has continuing jurisdiction to modify awards to injured employees. Utah Code Ann. § 35–1–78. This continuing jurisdiction includes the authority to modify an award for medical benefits, and the doctrine of res judicata does not bar the Commission from making such a modification. *Mannes–Vale, Inc. v. Vale*, 717 P.2d 709, 712 (Utah 1986). This Court has specifically held

that the continuing jurisdiction extends to modification of medical expense awards. *Id.; see also Spencer v. Industrial Comm'n*, 733 P.2d 158 (Utah 1987). *See generally Morrill v. J & M Constr. Co.*, 635 P.2d 88 (Utah 1981); *Ortega v. Salt Lake Wet Wash Laundry*, 108 Utah 1, 156 P.2d 885 (1945); *Murray v. Wasatch Grading Co.*, 73 Utah 430, 274 P. 940 (1929).[2]

■ Sheppick's complaint for a declaratory judgment does not give the district court jurisdiction to rule on a matter committed to the authority of another adjudicatory body. District courts are authorized "to declare rights, status, and other legal relations." Utah Code Ann. § 78–33–1. However, not only may a court decline to exercise this authority, but it must do so when it has no subject matter jurisdiction. The Utah Code provides, "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Utah Code Ann. § 78–33–6. If the court had entered a judgment, it would have been a nullity.

■ Having decided that the Commission has exclusive jurisdiction not only to issue compensation awards authorized by the Act, but also to make the necessary factual findings upon which such awards may be made, we turn now to Sheppick's contention that he was entitled under the open courts provision of the Utah Constitution, Article I, section 11, to have his claim for a bad faith refusal to deal on the part of defendants adjudicated in the district court. Such a claim, if cognizable, could be adjudicated only in the district court. Such a claim is a common law cause of action, which the Com-

2. The provision granting the Commission continuing jurisdiction emphasizes the exclusivity of the Commission's jurisdiction over workers' compensation claims. Under general common law doctrine, the entry of a judgment for damages based on personal injuries would bar subsequent actions based on the same injury. Such is not the case under the Act. The Commission is empowered to adjust the award in accordance with changes in circumstances. *See* Utah Code Ann. § 35–1–78. Such changes could include a deterioration of the former employee's condition or the discovery of a previously unnoticed injury.

*See, e.g., Stoker v. Workers' Compensation Fund*, 889 P.2d 409, 412 (Utah 1994) (commission can reopen case if previously used conservative method of treatment proved ineffective); *Barber Asphalt Corp. v. Industrial Comm'n*, 103 Utah 371, 135 P.2d 266 (1943) (commission may reconsider case if there has been some new development that suggests award may have been excessive or inadequate); *Spring Canyon Coal Co. v. Industrial Comm'n*, 60 Utah 553, 210 P. 611 (1922) (commission authorized to alter award when amputated leg failed to heal sufficiently to use prosthesis).

mission has neither the authority nor the jurisdiction to adjudicate.

In this case, plaintiff asserts that he has had great difficulty in obtaining payment of medical expenses; that defendants have violated the Commission's order in not making prompt payment; and that they have acted in bad faith in "providing ... information regarding plaintiff to persons who are not authorized to receive same, by refusing to authorizing [sic] treatment prescribed by Plaintiff's physicians and otherwise using threats, intimidation, coercion and other unlawful means to violate Plaintiff's rights" under the Commission's original and supplemental orders.

■ Assuming, but not deciding, that a plaintiff might under certain circumstances have a common law action against a self-insured employer for refusal to pay a workers' compensation award made by the Commission, the facts plaintiff alleges still fail to establish district court jurisdiction to adjudicate such a claim. The premise of plaintiff's theory of bad faith is that the claim for additional medical expenses was required by the Commission's original order of February 13, 1990, and its supplemental order of May 17, 1993. Whether those orders could be construed to require defendants to pay medical expenses for plaintiff's L3–4 injury depends on whether that injury was caused by plaintiff's 1986 industrial accident or by some subsequent event. As stated above, that determination lies within the exclusive jurisdic-

tion of the Commission. For that reason, the district court had no jurisdiction to adjudicate the claim. Plaintiff had every opportunity to seek a Commission ruling on the causation issue. Not only did he fail to obtain such a ruling, he apparently intended to preclude the Commission from making such a determination by withdrawing his petition before the Commission for such an adjudication.[3]

Affirmed.

ZIMMERMAN, C.J., and HOWE, DURHAM, and RUSSON, JJ., concur in Associate Chief Justice STEWART'S opinion.

---

**3.** We note that this Court has held that a cause of action for breach of the implied covenant of good faith and fair dealing under an insurance policy may be maintained only if there is privity of contract between the insured and the insurer. *Beck v. Farmers Ins. Exch.*, 701 P.2d 795 (Utah 1985). Recently in *Savage v. Educators Insurance Co.*, 908 P.2d 862 (Utah 1995), we held that an employee had no common law cause of action against an employer's workers' compensation insurance carrier for breach of the implied covenant of good faith and fair dealing because the worker had no contractual relationship with the insurer. In note 4 of that opinion, however, the Court stated:

In holding that no duty of good faith and fair dealing is imposed upon an insurer running to a third-party claimant such as Savage, we do not foreclose the possibility that such a claimant could state a cause of action for an independent tort. For example, the law of this

state recognizes a duty to refrain from intentionally causing severe emotional distress to others. Thus, intentional and outrageous conduct by an insurer against a third-party claimant could conceivably result in separate tort liability. As we indicated earlier, however, because Savage did not raise this issue in her petition for a writ of certiorari, we will not consider it here.

*Id.* at 866 n. 4 (citations omitted).

In the instant case, Albertson's is self-insured, and therefore, no insurance company is involved in this case. Whether it could be said that plaintiff stands in privity with his employer for purposes of a claim for breach of an implied covenant of good faith and fair dealing is an issue that we need not decide for the reasons stated above, nor need we decide whether plaintiff would have a tort action for the conduct of a recalcitrant self-insured employer.