**Betty STOKES, Plaintiff and Appellant,**

v.

**Brenda FLANDERS, Mark Van Wagoner, and Van Wagoner & Stevens, Defendants and Appellees.**

No. 970310.

Supreme Court of Utah.

Nov. 10, 1998.

Jay R. Mohlman, Annette Sorensen, Salt Lake City, for plaintiff.

M. David Eckersley, Robert G. Wing, Salt Lake City, for defendants.

STEWART, Justice:

In 1988 Betty Stokes retained Brenda Flanders of the law firm Van Wagoner & Stevens to represent her in pursuing a workers' compensation claim and an employment discrimination action against her former employer. The Labor Commission (formerly the Industrial Commission) found against Stokes on the compensation claim. *See Stokes v. Board of Review,* 832 P.2d 56, 60 (Utah Ct.App.1992).

After dismissal of that claim, Stokes petitioned the Commission to order Flanders and Van Wagoner & Stevens, both of whom were defendants below (hereinafter the "firm"), to refund attorney fees she had paid the firm for the unsuccessful pursuit of her workers' compensation claim. She contended that the fees had been billed in violation of a Commission rule limiting attorney fees to a percentage of compensation awarded and, because there had been no award, no fees should have been charged. An administrative law judge ("ALJ") ruled in favor of Stokes. After apportioning the hours that the firm had devoted to the workers' compensation claim and the hours the firm had devoted to the discrimination action—for which hourly fees

were not contested—the ALJ entered an order directing the firm to repay Stokes the fees charged for the unsuccessful claim for workers' compensation. The Labor Commission affirmed the ALJ's order. Stokes then docketed an "abstract of award" in the district court to enforce the order as a judicial judgment. The district court vacated the "abstract of award" on the ground that the Commission had no jurisdiction to enter an order for the repayment of attorney fees charged for the unsuccessful pursuit of a workers' compensation claim.

On this appeal from the district court's order, Stokes contends that because Utah Code Ann. § 35-1-87 [1] gives the Commission "full authority" over all attorney fees in workers' compensation cases, it follows that the Commission has the authority to order reimbursement of improperly charged fees. The firm contends that the Workers' Compensation Act does not authorize the Commission to order reimbursement of unlawfully collected attorney fees—which is essentially an award for unjust enrichment—because such an order cannot give rise under Utah Code Ann. § 35-1-59 [2] to an "abstract of award" that can be docketed in a district court and enforced as an ordinary judgment.

▐▐▐ Whether the Commission had jurisdiction over attorney fees and whether its order was enforceable as a judicial judgment are questions of law. We therefore review the district court's interpretation of the controlling statutory provisions for correctness. See *Sheppick v. Albertson's, Inc.*, 922 P.2d 769, 773 (Utah 1996). We first decide whether an order directing reimbursement of funds is an abstract that can be enforced in a district court.

## I. WHETHER A LABOR COMMISSION ORDER DIRECTING A REFUND OF IMPROPER ATTORNEY FEES CAN BE DOCKETED IN THE DISTRICT COURT AS A JUDGMENT

▐▐▐ The Workers' Compensation Act establishes a comprehensive administrative scheme for the administration of workers' compensation benefits. Enforcement of the various provisions of the Act is divided between administrative-type remedies (in conjunction with insurance) and judicial remedies.[3] The Labor Commission has exclusive jurisdiction to make awards of compensation and medical benefits to injured workers or their heirs. See *Sheppick*, 922 P.2d at 775. "Although the Act does not specifically state that no court may award benefits provided by the Act, that is its clear import." *Id.* at 773. District courts have no jurisdiction whatsoever over the determination of the amount of a compensation award or an award of medical benefits. Commission orders granting or denying benefits under the Act are subject to judicial scrutiny only by appellate review in the Utah Court of Appeals. *Id.*; Utah Code Ann. § 35-1-86.[4] Ordinarily, an award of benefits is paid by a workers' compensation insurance carrier without resort to judicial machinery.

If an award of benefits is made by the Commission against an employer who has not complied with the insurance provisions of the Act, the employee may docket an "abstract of award" in a district court that can be enforced in the same manner as any judicial judgment. Utah Code Ann. § 35-1-59. Stokes contends that because the Commission has statutory authority to award attorney fees in workers' compensation cases, the

1. All statutory references are to the pre-July 1, 1997, codification of the Workers' Compensation Act. A similar provision to section 35-1-87 is now found at section 34A-1-309.

2. A similar provision to section 35-1-59 is now found at section 34A-2-212.

3. If an employer fails to comply with the insurance requirements of the Act, the employer is subject to a judicial remedy for damages that is fundamentally common law in nature but modi-

fied by statute to bar common-law affirmative defenses. *Sheppick*, 922 P.2d at 773, 774. Willful and intentional tort acts of employers and fellow employees are outside the Act. *Id.* at 774; *Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055 (Utah 1991); *Bryan v. Utah Int'l*, 533 P.2d 892 (1975). Certain provisions of the Act are directly enforceable in a court of law.

4. A similar provision to section 35-1-86 is now found at section 34-A-2-801(8).

Commission may also order a refund of improperly charged fees and that such an order can give rise to an "abstract of award" that is enforceable as a judgment in a district court.

The term "abstract of award" is described in Utah Code Ann. § 35–1–59:

> An abstract of any award may be filed in the office of the clerk of the district court of any county in the state, and must be docketed in the judgment docket of the district court thereof. The time of the receipt of the abstract must be noted by him thereon and entered in the docket. *When so filed and docketed the award shall constitute a lien from the time of such docketing upon the real property of the employer situated in the county, for a period of eight years from the date of the award unless previously satisfied.*

(Emphasis added.) The word "award" as used in the term "abstract of award" does not refer to just any order or decision of the Commission. The word "award" is restrictively defined in Utah Code Ann. § 35–1–44(2) to mean "the finding or decision of the commission as to *the amount of compensation due any injured, or the dependents of any deceased, employee.*" (Emphasis added.) The term "compensation" as used in subsection (2) above is in turn defined in subsection ·(3) to mean *"the payments and benefits provided for in this title."* [5] (Emphasis added.)

An order directing a refund of attorney fees improperly collected from an unsuccessful claimant is not an "award of compensation" because a refund is not a payment or benefit as "provided for in this title," as subsection (3) requires. Furthermore, an "award" must be "compensation due any *injured ... employee,*" as subsection (2) provides. In the instant case the order directing a refund of attorney fees was not made in favor of an "injured employee," but rather to an employee who was *not* injured.

The conclusion that the word "award" does not include a refund of attorney fees is further supported by the language in section 35–1–59 which indicates that a judgment to which an "abstract of award" can give rise is effective only against an employer, and not others, such as a law firm. Section 35–1–59 provides that a judgment based on an abstract of award gives rise to a lien on the real property of the *"employer* situated in the county, for a period of eight years." (Emphasis added.) Here the judgment that Stokes seeks is against Stokes's lawyers, not her employer, and such a judgment could not give rise to a lien against the property of the firm and therefore would be unenforceable. Thus, an "award" that is enforceable by judgment is an award for compensation, medical payments, and other specific benefits only. In conjunction with such an "award" of compensation, medical, and other benefits, an attorney fee may, of course, be awarded as a percentage of the award and be included in the "award" and a judgment for enforcement of the "award."

In sum, the purpose of the docketing of an "abstract of an award" pursuant to section 35–1–59 is to provide a judicial enforcement mechanism for an award of compensation or medical payments to an injured employee or the employee's heirs when an employer fails to comply with insurance requirements of the Act. *Sheppick,* 922 P.2d at 774. In *Graham v. Industrial Commission,* 27 Utah 2d 279, 495 P.2d 806 (1972), we stated that the statute authorizing the Commission to "regulate and fix" attorney fees "applies only to the fixing of fees of an attorney out of any award made to his client" and does not give the Commission jurisdiction to award fees to either party. *Id.* at 807; *see also Olympus Oil, Inc. v. Harrison,* 778 P.2d 1008 (Utah Ct.App.1989). Under *Graham* and *Olympus,* attorney fees are not compensation; therefore, an Industrial Commission order awarding fees independently from an award of compensation is not an "award" that can be docketed and enforced as a judgment in the courts.

## II. STATUTORY POWER OF THE COMMISSION OVER ATTORNEY FEES

Notwithstanding the above, Stokes maintains that Utah Code Ann. § 35–1–87

---

**5.** These subsections now appear with some stylistic changes at section 34A–2–102(2), (3).

gives the Commission jurisdiction over all aspects of attorney fees arising out of workers' compensation claims. When Stokes initiated her workers' compensation claim, section 35–1–87 [6] provided:

> In all cases coming before the Industrial Commission in which attorneys have been employed, the commission is vested with full power to regulate and fix the fees of such attorneys.

On its face this provision gave the Commission broad authority to "regulate" and "fix" attorney fees and the Commission has

6. This provision has since been amended and recodified as Utah Code Ann. § 34A–1–309 (1997). It now states:

> (1) In all cases coming before the commission in which attorneys have been employed, the commission is vested with full power to regulate and fix the fees of the attorneys.
>
> (2) In accordance with Title 63, Chapter 46b, Administrative Procedures Act, an attorney may file an application for hearing with the Division of Adjudication to appeal a decision or final order to the extent it concerns the award of attorney fees.
>
> (3)(a) The commission may award reasonable attorneys' fees on a contingency basis when disability or death benefits or interest on disability or death benefits are generated.
>
> (b) Attorney fees awarded under Subsection (2)(a) shall be paid by the employer or its insurance carrier out of the award of disability or death benefits, or interest on disability or death benefits.
>
> (4)(a) If the commission orders that only medical benefits be paid, the commission may award reasonable attorneys' fee on a contingency basis for medical benefits ordered paid if:
>
> (i) the commission's informal dispute resolution mechanisms were fully used by the parties prior to adjudication; and
>
> (ii) at no time were disability or death benefits or interest on disability or death benefits at issue in the adjudication of the medical benefit claim.
>
> (b) Attorneys' fees awarded under Subsection (3)(a) shall be paid by the employer or its insurance carrier in addition to the payment of medical benefits ordered.

7. Utah Administrative Code R568–1–7 provides:

> Pursuant to Section 35–1–87, U.C.A., the Commission adopts the following rule to regulate and fix reasonable fees for attorneys representing applicants before the Commission in all cases wherein such fees are awarded after December 31, 1991.

so construed section 35–1–87. The Commission promulgated Utah Admin. Code R. 568–1–7, which strictly limited the attorney fees that may be awarded in any particular case.[7] The underlying principle of the rule is that a contingency fee shall be awarded a successful claimant that is to be deducted from "the benefits generated." *Id.* at (D).[8] Furthermore, subparagraph (G) states: "If a controversy over an attorney's fee develops, the Commission shall have the discretion, pursuant to Section 35–1–87, U.C.A., and this rule, to award fees or *otherwise resolve the dispute* by Order delineating the Commis-

> A. The concept of a contingency fee is recognized. A retainer in advance of a Commission approved fee is not allowed. Benefits are only deemed generated within the meaning of this rule when they are paid as a result of legal services rendered after an Appointment of Counsel form is signed by the applicant. A copy of this form must be filed with the Commission by the claimant's attorney.
>
> . . . .
>
> C. "Benefits" within the meaning of this rule shall be limited to weekly death or disability compensation and accrued interest thereon paid to or on behalf of an applicant pursuant to the terms of Title 35, Utah Code Annotated.
>
> D. An attorney's fee deducted from the benefits generated shall be awarded for all legal services rendered through final Commission action with the following constraints:
>
> 1. 20% of weekly benefits generated for the first $15,000, plus 15% of the weekly benefits generated in excess of $15,000 but not exceeding $30,000, plus 10% of the weekly benefits generated in excess of $30,000.
>
> 2. In no case shall an attorney collect fees calculated on more than the first 312 weeks of any and all combinations of workers' compensation benefits.
>
> 3. Notwithstanding the above, in no case shall the maximum fee exceed $7,500.
>
> . . . .
>
> F. An attorney's fee shall be deducted from and paid out of the benefits generated and shall be paid directly to the applicant's attorney upon order of the Commission.
>
> G. *If a controversy over an attorney's fee develops, the Commission shall have the discretion, pursuant to Section 35–1–87, U.C.A., and this rule, to award fees or otherwise resolve the dispute by Order delineating the Commission's findings along with the evidence and reasons supporting the decision.*
>
> (Emphasis added.) ·

8. Although the rule does not specifically state that no attorney fees may be charged for the unsuccessful pursuit of a claim, as in this case, that is the clear implication of the rule.

sion's findings along with the evidence and reasons supporting the decision." (Emphasis added.) Pursuant to this provision, which is a reasonable implementation of section 35–1–87, the Commission had jurisdiction to rule that the fees defendants charged Stokes for prosecuting her claim for compensation were illegal. To rule that the Commission had no authority to decide the validity of fees charged for the unsuccessful pursuit of a compensation claim would be to defeat the purpose of the stringent limitations on the award of attorney fees for the successful pursuit of a claim. The obvious purpose of those limitations is to protect workers from excessive attorney fees in seeking compensation awards and assuring that the bulk of an award goes to the worker to compensate for lost wages, medical expenses, etc.

It is axiomatic that an administrative agency has not only those powers expressly conferred on it by statute, but also those powers that are reasonably necessary to accomplish its designated purposes. *Bennion v. ANR Prod. Co.*, 819 P.2d 343, 350 (Utah 1991); *Williams v. Public Serv. Comm'n*, 754 P.2d 41, 50 (Utah 1988). Clearly the power to regulate attorney fees in successfully pursued claims reasonably implies the power to regulate attorney fees in pursuit of unsuccessful claims because the charging of fees for unsuccessful claims could severely inhibit workers from seeking compensation benefits.

Nevertheless, Stokes was not entitled to an abstract of award and a judgment in the district court based on that ruling because the Legislature has not so provided. Even though the Commission's ruling is not enforceable by judgment in the district court, it does not follow that the Commission's ruling was meaningless. If the issue of the legality of the fees charged were to arise in an independent action, such as an action for unjust enrichment to recover the fees paid from the firm, the Commission's ruling would be determinative of the issue of the illegality of the fees because the Commission has exclusive jurisdiction to determine the lawfulness of attorney fees charged in cases brought before it, whether the case was successful or not.

For the foregoing reasons, we affirm the district court in vacating the abstract of award. We also hold that the Commission had jurisdiction to rule that charging attorney fees on an hourly basis was not lawful.

Chief Justice HOWE, Associate Chief Justice DURHAM, Justice ZIMMERMAN, and Justice RUSSON concur in Justice STEWART's opinion.