*This opinion is subject to revision before final publication in the Pacific Reporter*

**2023 UT 21**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

GRANITE SCHOOL DISTRICT,
*Appellant,*

*v.*

ROBYN YOUNG,
*Appellee.*

No. 20220471
Heard May 15, 2023
Filed September 28, 2023

On Direct Appeal

Third District, Salt Lake County
The Honorable Richard D. McKelvie
No. 210905514

Attorneys:

Brett N. Anderson, Bret A. Gardner, Salt Lake City, for appellant

Gary E. Atkin, Lester A. Perry, Salt Lake City, for appellee

ASSOCIATE CHIEF JUSTICE PEARCE authored the opinion of the Court, in which CHIEF JUSTICE DURRANT, JUSTICE PETERSEN, JUSTICE HAGEN, and JUSTICE POHLMAN joined.

ASSOCIATE CHIEF JUSTICE PEARCE, opinion of the Court:

## INTRODUCTION

¶1 The Utah Labor Commission awarded Robyn Young benefits stemming from injuries she suffered when she worked for Granite School District (Granite). Young later asked the Labor Commission to grant her permanent total disability benefits. A Labor Commission administrative law judge (ALJ) ruled that Young's industrial injuries qualified her for permanent total disability. Granite appealed that ruling to the Labor Commission Appeals Board, which in turn sent the matter to an expert medical panel to determine the extent to which workplace injuries had caused Young's conditions. That process

remains ongoing, and the matter persists before the Labor Commission.

¶2 After the initial award of benefits, but before she sought permanent total disability, Young filed a lawsuit against medical debt collectors for violations of the Fair Debt Collection Practices Act (FDCPA). Young alleged that the debt collectors violated the FDCPA when they attempted to secure payment for the treatments she received for her workplace injuries. Young eventually settled that suit and received financial compensation from the debt collectors.

¶3 After it learned of the settlement, Granite filed this action in district court, asserting that the Utah Workers' Compensation Act required Young to use the settlement proceeds to reimburse it for amounts it had paid her for her injuries. Young moved to dismiss that suit for, among other things, lack of subject matter jurisdiction. She argued to the district court that the Workers' Compensation Act gave the Labor Commission exclusive jurisdiction to decide whether the FDCPA settlement compensated her for injuries Granite had already paid for. The district court granted Young's motion to dismiss.

¶4 Granite accurately notes that district courts have jurisdiction to adjudicate reimbursement disputes. But the district court in this case correctly determined that it lacked jurisdiction to decide the factual questions at the heart of *this* reimbursement dispute because our precedent dictates that the Labor Commission has exclusive jurisdiction over those questions. We affirm.

## BACKGROUND

¶5 Granite employed Robyn Young as a special education teacher. On two occasions, Young suffered injuries at the hands (and head) of her students. Both incidents caused Young injuries, with the second aggravating the symptoms of the first. The accidents left Young with post-concussive syndrome, mental health issues, and debilitating migraines.

¶6 Young sought workers' compensation. A Utah Labor Commission ALJ concluded that the workplace accidents had caused Young's injuries. The ALJ required Granite to pay for Young's medical care.

¶7 Over the next couple of years, the injuries continued to cause Young personal and professional difficulties. Even after the workers' compensation award, Young was unable to pay some of her medical bills. Her creditors hired collection agencies to recover the debt. Young later filed an action against the debt collectors alleging they

had violated the FDCPA. That case eventually resulted in a settlement for Young.

¶8 Young meanwhile returned to the Labor Commission claiming that she was permanently and totally disabled. The ALJ agreed and awarded Young benefits based upon a permanent total disability. The ALJ also concluded that Granite had not completely complied with its prior order and ordered Granite to reimburse Young for certain medical expenses Young had paid.

¶9 Granite filed a motion with the Labor Commission Appeals Board to review the ALJ's finding that Young was permanently and totally disabled. Upon review, the Appeals Board referred the matter to an independent medical panel to determine whether the workplace injuries left Young eligible for an award of permanent total disability. As of the date of oral argument in Young's appeal to this court, that question had not been resolved.

¶10 Granite also argued to the Appeals Board that the ALJ erred when it concluded that Young did not have to reimburse Granite with funds she received from the legal settlement she had obtained from the debt collectors. The ALJ had concluded that the FDCPA settlement reflected compensation for Young's pain and suffering from the debt collection practices not because of her workplace injuries. The ALJ also determined that reimbursement claims were affirmative defenses that Granite had waived. The Appeals Board did not opine on those holdings because Young's "entitlement to permanent total disability compensation is still undecided." As such, the resolution of those questions remains alive before the Labor Commission.

¶11 Rather than await the conclusion of the Labor Commission proceedings, Granite initiated suit in district court for reimbursement from Young under the Utah Workers' Compensation Act (Act). Granite asserted that it was entitled to reimbursement out of the FDCPA settlement proceeds because the harms the creditors caused were the same for which Granite had paid Young benefits.

¶12 Young moved to dismiss that suit for, among other things, lack of subject matter jurisdiction. Young argued that the Act creates Granite's alleged right to reimbursement. Young further reasoned that the Act vests the ability to administer the Act in the Labor Commission, such that the district court did not have jurisdiction to decide reimbursement claims.

¶13 Granite argued that the Labor Commission has exclusive jurisdiction only over issues of "compensation" and that reimbursement claims could be heard in the district court. Granite

pointed to several cases in which this court has upheld district courts' awards of reimbursement under the Act without ever raising a potential jurisdictional concern.

¶14 The district court agreed with Young. At the hearing on the motion to dismiss, the court stated that the question of jurisdiction over the Act "begins and ends" with Utah Code section 34A-2-112 which vests administration of the Act in the Labor Commission. In its order, the district court wrote: "It is clear from the statute that the Utah Legislature granted exclusive jurisdiction to the Utah Labor Commission over this matter and this Court is devoid of jurisdiction over this action." The district court dismissed Granite's complaint. Granite appeals.

## STANDARD OF REVIEW

¶15 Granite argues that the district court erred when it granted Young's motion to dismiss for lack of jurisdiction. "[A] district court's dismissal of . . . claims under rule[] 12(b)(1) . . . of the Utah Rules of Civil Procedure . . . presents a question of law that we review for correctness." *Salt Lake Cnty. v. State*, 2020 UT 27, ¶ 14, 466 P.3d 158 (cleaned up).

## ANALYSIS

¶16 Granite asserts that the district court erred when it concluded it lacked jurisdiction to decide this case. Specifically, Granite argues that the Act gives the Labor Commission exclusive jurisdiction only over awards of compensation and not over all disputes that might arise in connection with that compensation. Granite points out that the Act alludes or refers to the possibility of civil action in multiple sections. Granite also relies on a series of cases it argues demonstrate that district courts have adjudicated reimbursement claims over the past six decades.

¶17 Granite's argument that the Labor Commission only has exclusive jurisdiction for awards of compensation rests in part on the plain language of Utah Code section 34A-2-112. Granite quotes section 34A-2-112 and argues that section vests the Labor Commission with the "[a]dministration" of the Act. Granite contends that in common usage, "administration" means organizing or managing, not adjudicating claims. Granite also asserts that subsection 34A-2-112(2)(a) is the only mention of jurisdiction in that statutory section, and that it grants the Labor Commission purview over all workplaces in order to "ensure that every employee in this state has a safe workplace in which employers have secured the payment of workers' compensation benefits." (Quoting *id.* § 34A-2-112(2)(a).) Granite

emphasizes that this definition does not include resolving reimbursement claims.

¶18 Granite asserts that the Labor Commission's exclusive jurisdiction cannot be all that exclusive because the Act contemplates various civil and criminal actions that the Labor Commission could not adjudicate. By way of example, Granite points to section 34A-2-108 which, Granite says, criminalizes "certain behaviors relating to the payment of workers' compensation premiums." (Citing *id.* § 34A-2-108.) Similarly, section 34A-2-207 creates a civil action against employers who do not maintain workers' compensation insurance coverage. *Id.* § 34A-2-207. Granite contends that section 34A-2-112 cannot mean that the Labor Commission must make every decision covered by the Act because the Act acknowledges situations in which courts will be required to adjudicate disputes. *See infra* ¶ 32.

¶19 On top of that, Granite lists nine cases which it claims demonstrate that this court has affirmed district courts' exercise of jurisdiction in reimbursement cases. These cases dealt with a variety of reimbursement issues. In *Oliveras v. Caribou-Four Corners, Inc.*, for example, this court concluded that an insurer could not seek reimbursement from heirs who had received wrongful death damages but had not received workers' compensation. 598 P.2d 1320, 1321–22, 1325 (Utah 1979). And in *Ericksen v. Salt Lake City Corp.*, we affirmed a grant of reimbursement to an employer after a third party had been found liable for the employee's injuries. 858 P.2d 995, 997, 999 (Utah 1993). In none of these cases did we question whether the district court had jurisdiction over the matter. Granite also argues that the Legislature must be aware that district courts are ruling in reimbursement cases and has done nothing to clarify that the Labor Commission should have exclusive jurisdiction.

¶20 Young, in turn, argues that the Act's plain language grants exclusive jurisdiction to the Labor Commission, citing both the "[a]dministration" and the "jurisdiction over every workplace" language from Utah Code subsections 34A-2-112(1) and (2)(a). Young also highlights Utah Code section 34A-2-112(2)(c), which orders the Labor Commission, "through the Division of Adjudication, commissioner, and Appeals Board," to "provide for the adjudication and review of an administrative action, decision, or order of the commission in accordance with this title."

¶21 Young additionally contends that we have interpreted the Act in a fashion that leaves district courts without jurisdiction to hear certain reimbursement claims. In *Sheppick v. Albertson's, Inc.*, we concluded that courts "have no jurisdiction whatsoever over cases

that fall within the purview of the Workers' Compensation Act." 922 P.2d 769, 773 (Utah 1996). We explained that "the Commission has exclusive jurisdiction not only to issue compensation awards authorized by the Act, but also to make the necessary factual findings upon which such awards may be made." *Id.* at 775. Young argues that the district court could not have erred given *Sheppick*'s definitive statements.

¶22 Young moreover argues that the question of whether the FDCPA recovery was a "third-party" recovery within the meaning of the Act is still before the Labor Commission and that it would have been improper for the district court to rule on the issue.

¶23 "The purpose of the Workers' Compensation Act is to protect employees who sustain injuries arising out of their employment by affording financial security during the resulting period of disability." *Utah State Tax Comm'n v. Indus. Comm'n of Utah*, 685 P.2d 1051, 1053 (Utah 1984). However, the Act also provides that if a non-employer third party causes the injury, the worker may sue that third party, and in the event of recovery "[t]he person liable for compensation payments shall be reimbursed, less the proportionate share of costs and attorney fees." UTAH CODE § 34A-2-106(5)(b). This is the section of the Act under which Granite sought reimbursement from the recovery Young received from her medical creditors.

¶24 As we outlined above, both parties can find support for their respective positions in the Act's text and in our cases interpreting the Act. We have stated that the Labor Commission has exclusive jurisdiction "over cases that fall within the purview of the Workers' Compensation Act." *Sheppick*, 922 P.2d at 773. But we have also reviewed a district court's resolution of Workers' Compensation Act reimbursement cases several times without batting an eye at a potential jurisdictional issue. *See, e.g., Oliveras*, 598 P.2d 1320; *Ericksen*, 858 P.2d 995.

¶25 The disconnect may arise from the fact that we sometimes use "subject matter jurisdiction" to mean different things. Subject matter jurisdiction can mean "statutory limits on the class of cases assigned to the authority of a certain court," but it can also mean "other limits that go to the concept of justiciability." *In re Adoption of B.B.*, 2017 UT 59, ¶ 129, 417 P.3d 1 (Lee, A.C.J., opinion of the court on this issue).

¶26 Stated differently, one category of subject matter jurisdiction involves whether the court has statutory authority to hear a particular class of cases. *Id.* A justice court, for example, lacks jurisdiction to hear a felony case. *See* UTAH CODE § 78A-7-105.

¶27 Another category of subject matter jurisdiction embodies concepts of justiciability. *In re Adoption of B.B.*, 2017 UT 59, ¶ 129. Justiciability issues that affect whether a district court has jurisdiction include "timing and other limits . . . of the proceeding before the court (such as standing, ripeness, and mootness)." *Id.* ¶ 121. We raise the specter of this type of jurisdiction when we say, for example, that a district court lacks jurisdiction over an administrative claim if the party seeking relief has not exhausted administrative remedies. *See, e.g., Ramsay v. Kane Cnty. Hum. Res. Special Serv. Dist.*, 2014 UT 5, ¶¶ 8–9, 322 P.3d 1163.

¶28 Granite appears to use subject matter jurisdiction in the sense of a district court's statutory authority to hear a certain type of case when it contends that district courts possess jurisdiction to hear reimbursement cases. Granite notes, correctly, that nothing in the Act expressly limits a district court's jurisdiction to prevent it from hearing reimbursement claims. Granite also points to several cases in which we have upheld a district court's adjudication of a reimbursement question as proof that district courts routinely hear and resolve reimbursement claims. *See supra* ¶ 19.

¶29 Young, on the other hand, seems to use subject matter jurisdiction in the justiciability/exhaustion of remedies sense. When Young argues that the district court has no jurisdiction to hear Granite's claims, she appears to assert that the district court cannot adjudicate the case because it requires resolution of factual questions that the Act, and our interpretation of the Act, say only the Labor Commission can decide.

¶30 We might be responsible for the confusion about what type of jurisdiction district courts have with respect to claims under the Act. We acknowledged in *Sheppick* that the Act "does not specifically state that no court may award benefits provided by the Act." 922 P.2d at 773. But we nevertheless concluded that is the Act's "clear import." *Id.* This caused us to determine that district courts "have no jurisdiction whatsoever over cases that fall within the purview of the Workers' Compensation Act." *Id.* We also said that "the Commission has exclusive jurisdiction not only to issue compensation awards authorized by the Act, but also to make the necessary factual findings upon which such awards may be made." *Id.* at 775.

¶31 In other words, some of *Sheppick*'s language suggests that we were talking about subject matter jurisdiction in its "statutory authority to hear cases" sense. But a more nuanced reading of *Sheppick* reveals that we were referring to subject matter jurisdiction in its justiciability/exhaustion of remedies sense. That is, while we talked

about district courts lacking jurisdiction over "cases . . . fall[ing] within the [Act's] purview," we weren't really saying that district courts lack jurisdiction over any case that somehow touches the Act. *Id.* at 773.

¶32 Granite correctly posits that the Act refers to district court action in multiple subsections, which illustrates that not every part of the legislation is exclusively under the Labor Commission's jurisdiction. The Act criminalizes failure to pay workers' compensation, protects reporters of possible fraud from liability, holds noncompliant employers liable for certain damages experienced by their employees, and authorizes suit by the Labor Commission against employers who fail to provide benefits in certain ways. UTAH CODE §§ 34A-2-108, -110(6), -207(1)(a), -210. The Act plainly grants district courts authority to decide some matters. Our statements in *Sheppick* cannot be as sweeping as they appear.

¶33 Properly read, *Sheppick* holds that the Act's logic and structure demand that only the Labor Commission can "issue compensation awards" and "make the necessary factual findings upon which" those awards are based. 922 P.2d at 775. We have delineated this more clearly in other cases.

¶34 In *Stokes v. Flanders*, we recognized that enforcement "of the various provisions of the Act is divided between administrative-type remedies (in conjunction with insurance) and judicial remedies." 970 P.2d 1260, 1262 (Utah 1998). We further explained that this means that district courts "have no jurisdiction whatsoever over the determination of the amount of a compensation award or an award of medical benefits." *Id.*

¶35 When we apply the properly interpreted *Sheppick* to Young's case, and we use subject matter jurisdiction in its justiciability/exhaustion of remedies sense, it becomes clear that the district court did not err when it dismissed the case for lack of jurisdiction. The district court could not resolve Granite's reimbursement claim without answering questions that the Act assigns exclusively to the Labor Commission. That is, reimbursement in this case will turn on the resolution of factual disputes relating to the industrial accidents for which Granite has paid benefits and the injuries the debt collectors inflicted on Young for which they paid to settle the FDCPA claims.

¶36 Not only are these questions that the Labor Commission needs to resolve, they are questions that the Labor Commission is in the process of resolving. For instance, the Labor Commission Appeals

Board has referred the question of the extent to which Young's workplace injuries caused her medical conditions to an independent medical panel.

¶37 This is the very same determination the district court would have had to make to conclude that Granite should be reimbursed for payments covering Young's medical expenses. It would contravene the Labor Commission's exclusive jurisdiction over the determination of benefits and the "necessary factual findings" on which those determinations are made for the district court to weigh in on this question. *Sheppick*, 922 P.2d at 775. The district court correctly recognized this and dismissed the suit for lack of jurisdiction.

¶38 Granite offers a workaround. It claims throughout its briefs that, for the purposes of a motion to dismiss, we must assume that the monies Young recovered from creditors are for the same injury for which she has been compensated. Granite argues we must assume this is true for the purposes of the motion to dismiss because it alleged as much in its complaint.

¶39 Granite's problem, however, is that it fails to distinguish between different species of motions to dismiss. We assume the truth of a complaint's allegations for the purposes of a motion to dismiss for failure to state a claim under rule 12(b)(6) of the Utah Rules of Civil Procedure. But that is not necessarily true of a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1).

¶40 "Motions under rule 12(b)(1) fall into two different categories: a facial or a factual attack on jurisdiction." *Salt Lake Cnty. v. State*, 2020 UT 27, ¶ 26, 466 P.3d 158 (cleaned up). When a party mounts a facial challenge to subject matter jurisdiction, we assume the allegations in the complaint are true and assess whether they assert a valid basis for the court to exercise jurisdiction. *Id.*

¶41 "In a factual challenge to jurisdiction, the defendant attacks the factual allegations underlying the assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts." *Id.* (cleaned up). When a factual challenge occurs, we do not presume the truth of the complaint's jurisdictional allegations. *Id.* ¶ 26. In that instance, a court "may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (cited favorably by *Salt Lake County*, 2020 UT 27, ¶ 26 nn.25, 27).

¶42 Here, Young challenged the district court's subject matter jurisdiction by presenting facts to demonstrate that the court lacked the ability to hear the matter. Young alerted the district court to the

Labor Commission proceedings, where she was actively contesting the veracity of Granite's allegation that the FDCPA settlement covered injuries for which Granite has compensated her. This was enough to allow the district court to see that there was a disputed factual question that the Act requires the Labor Commission to answer. The district court was not obligated to assume the truth of Granite's allegations to resolve the rule 12(b)(1) motion.

## CONCLUSION

¶43 Granite's complaint asked the district court to rule it was entitled to reimbursement from the funds Young received in the settlement of her FDCPA claims against her creditors. This would have required the court to decide questions about the cause of her injuries. The Workers' Compensation Act assigns the Labor Commission exclusive jurisdiction to resolve such questions. The district court did not err when it dismissed Granite's complaint. We affirm.

———————