Cleo MORRILL, Plaintiff and Appellant,

v.

J & M CONSTRUCTION COMPANY, INC. and Faireld J. Christensen, Defendants and Respondents.

No. 17049.

Supreme Court of Utah.

Aug. 11, 1981.

Gary A. Frank, Murray, for plaintiff and appellant.

David Eckersley, Salt Lake City, for defendants and respondents.

PER CURIAM:

This is an appeal from a Summary Judgment dismissing an action brought by appellant under Title 78–11–7, Utah Code Annotated, 1953, known as the Wrongful Death Act, against her son's employer, after her son was killed during the course of his employment in a cave-in incident.

Previous to the suit appellant had filed a claim for death and burial expenses under the Workmens Compensation Act, Title 35, U.C.A.1953. The latter were paid, but the former claim was denied on the grounds she was not a "dependent," which "status" was conceded. The appellant correctly considered that her son was covered by the Compensation Act, but did not consider that to be her sole remedy.

The Wrongful Death Act was passed to supply an action denied at common law on the then ground such action died with the person. It created an action for the heirs and representatives of such deceased persons. It was questioned [1] as to constitutionality under Art. XVI, Sec. 5, which provoked the Article's amendment by adding the underlined exception, as follows:

Sec. 5. [Injuries resulting in death—Damages.]

The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, *except in cases where compensation for injuries resulting in death is provided for by law.* (As amended November 2, 1920, effective January 1, 1921.)

The appellant takes the position that the "exception" does not apply to any person that is *not* a "dependent" under the Compensation Act, whose chief reason for existence is to compensate "dependents,"—not heirs who can be neither "dependents" nor beneficiaries under the Act.

The appellant cites the *Oliveras* case as authority for the proposition that the cause of action under the Wrongful Death Act persists in the heirs. Such conclusion is correct so far as it goes, but that case involved a suit against one not the employer of the deceased, and dealt with the complicated relationship between heirs and employers of deceased persons as to who are proper parties, the trusteeship of the cause of action and division of proceeds *in a case against third parties (not employers)* of the deceased.

This Court dispositively has resolved the question now before us in *Henrie v. Rocky Mountain Packing*, 113 Utah 415, 196 P.2d 487 (1948), and *Smith v. Alfred Brown*, 27 Utah 2d 155, 493 P.2d 994 (1972). Art. XVI, Sec. 5 of our Constitution clearly excepts the exclusive Workmens Compensation Act remedy from any previous constitutional interdiction that the right of action in injury cases and damages therefor shall not be abrogated. We reaffirm our previous pronouncements and reaffirm the principle of exclusivity of right and remedy in the Workmens Compensation Act, under the facts of this case. A reading of Title 35–1–60, U.C.A.1953, makes it clear that the Act is the *exclusive* vehicle for recovery of compensation for injury or death, *against the employer and other employees* to the exclusion of "*any and all other civil liability whatsoever,* at common law or otherwise," and that it *bars* all *next of kin* or *dependents, or anyone else,* from using any other means of recovery against employers and others named in and covered by the Act, than the Act itself.

The judgment is affirmed.

STEWART, J., concurs in the result.

---

1. *Oliveras v. Caribou-Four Corners*, Utah, 598 P.2d 1320 (1979).