2002 UT 105

Kristie Rae COOK and Tiffani Cherie Cook, as Personal Representatives of the Estate of Gina Cook, and on behalf of the heirs of Gina Cook, Plaintiffs and Appellants,

v.

ZIONS FIRST NATIONAL BANK, Defendant and Appellee.

No. 20001016.

Supreme Court of Utah.

Oct. 29, 2002.

Roger H. Hoole, Paul M. King, Heather E. Morrison, Salt Lake City, for plaintiffs.

Lois A. Baar, H. Douglas Owens, Salt Lake City, for defendant.

DURRANT, Associate Chief Justice:

¶1 This appeal concerns the death of a Zions Bank employee. Plaintiffs, the employee's daughters, sued Zions on a wrongful death theory, claiming that Zions had caused their mother's death by breaching its employment contract with her. Zions moved to dismiss plaintiffs' claim on the ground that the Utah Worker's Compensation Act (the "UWCA") barred it. Alternatively, Zions argued that a breach of contract cannot give rise to a wrongful death action. The district court granted Zions' motion, reasoning that the UWCA barred plaintiffs' claim. Because we conclude that the plain language of the UWCA's exclusivity provision covers plaintiffs' claim, we affirm.

## BACKGROUND

¶2 In reviewing a grant of a motion to dismiss, "we accept the factual allegations in the complaint as true and consider them, and all reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party." *Riddle v. Perry*, 2002 UT 10, ¶2, 40 P.3d 1128. We recite the facts accordingly.

¶3 In late 1993, Gina Cook, an employee of Zions, discovered a lump on her lower lip. On February 1, 1994, a doctor informed her that the lump needed to be removed and advised her that the procedure would require her to miss one day of work. Cook subsequently requested a full day's sick leave from Zions based on her employment contract, which allotted her twelve sick days for 1994 but required her to obtain permission before taking them.

¶4 Even though Cook had not yet used any of her sick days and her request conformed to Zions' sick leave policy, Zions denied her request for a day off on the ground that her department was too busy and could not afford to let her miss work.[1] Cook later explained to her department manager that skin cancer ran in her family and that she could feel something growing in her jaw, but Zions nonetheless continued to refuse her requests for time off for the next three and a half months. Meanwhile, the lump on Cook's lip continued to worsen and eventually developed into a small sore.

¶5 On or about May 20, 1994, Zions finally granted Cook a day off to have the lump removed, which she did. Approximately eleven days later, Cook learned that the lump was a rare form of extremely aggressive, malignant melanoma. Two days thereafter, she underwent additional surgery to remove portions of her chin and lower lip, but the cancer had already metastasized. Cook died on March 13, 1996.

¶6 Cook's daughters, Kristie and Tiffani ("plaintiffs"), on behalf of Cook's heirs and as representatives of her estate, filed a complaint against Zions for the wrongful death of their mother, alleging that Zions breached its employment contract with Cook by refusing her requests for sick leave and that Cook died as a result.[2] Zions moved to dismiss plaintiffs' claim on May 23, 2000, advancing two alternative arguments. First, it contended that the UWCA barred plaintiffs' wrongful death claim because the UWCA provides the exclusive remedy for employment-related injuries or deaths and that, according to the allegations in the complaint, Cook's death was employment-related. Sec-

---

1. Zions denies that it ever refused Cook's sick leave requests. Because we are reviewing a grant of a motion to dismiss, however, we must accept Cook's version of the facts. *Riddle*, 2002 UT 10 at ¶2, 40 P.3d 1128.

2. Four years before this wrongful death claim was filed, Cook filed a separate complaint for breach of contract against Zions based on the same facts. When Cook died, her children took her place as plaintiffs in that suit. That action is not before us.

ond, it argued that breaches of contract cannot give rise to wrongful death actions. The district court granted Zions' motion, reasoning that the UWCA barred plaintiffs' lawsuit.

¶ 7 Plaintiffs appeal, and we have jurisdiction pursuant to subsection 78–2–2(3)(j) of the Utah Code. Utah Code Ann. § 78–2–2(3)(j) (Supp.2002). On appeal, plaintiffs maintain that the UWCA does not bar their wrongful death claim and that breach of a contract can give rise to a wrongful death action.

## ANALYSIS

### I. STANDARD OF REVIEW

¶ 8 The propriety of a motion to dismiss is a question of law, which we review for correctness. *Krouse v. Bower*, 2001 UT 28, ¶ 2, 20 P.3d 895. When interpreting a statute, we look first to its plain language and go no further unless we find the language ambiguous. *State v. Casey*, 2002 UT 29, ¶ 20, 44 P.3d 756.

### II. APPLICABILITY OF THE UTAH WORKERS' COMPENSATION ACT

¶ 9 The UWCA is the exclusive remedy available to an employee's heirs for *"any ... injury or death, in any way contracted, sustained, aggravated, or incurred by the employee in the course of or because of or arising out of the employee's employment."* Utah Code Ann. § 34A–2–105(1) (Supp.2001) (emphasis added). In an attempt to circumvent this language, plaintiffs argue on appeal that Zions did not aggravate Cook's cancer

within the meaning of the UWCA because Cook's cancer progressed naturally. In other words, they claim that Zions' denial of an opportunity for treatment of Cook's condition did not aggravate her condition or cause her death under the UWCA.

¶ 10 Notwithstanding plaintiffs' attempt to characterize their claim so as to avoid application of the UWCA, however, the language of their complaint clearly invokes the application of the Act. Indeed, plaintiffs allege in their complaint that

> Zions Bank's refusal to allow Mrs. Cook a full day off work to have the bump on her lip removed and biopsied caused a critical and significant delay of over three months in her cancer diagnosis and treatment, *resulting in the progression of the cancer and a loss of any reasonable opportunity to stop the aggressive melanoma ... and her subsequent death.*

(Emphasis added).

¶ 11 Because plaintiffs assert, at heart, that Cook sustained her death due to her employment, the UWCA clearly governs their claim. The Act expressly covers "any ... death ... in any way ... sustained ... in the course of or because of or arising out of the employee's employment," Utah Code Ann. § 34A–2–105(1), and the phrase "in any way" modifies and broadens the term "sustained" such that the Act covers any death resulting from an employee's employment. Cook therefore *sustained* her death within the meaning of the UWCA because Zions allegedly denied her the opportunity to take advantage of her contractually-based sick leave [3] and to obtain the medical attention

---

3. Chief Justice Durham rests her dissent, in part, on the assertion that "[c]laims for breach of contract are not covered by the UWCA." This is, of course, generally true. The UWCA does not preclude contractual claims for unpaid salary or benefits, for wrongful termination, or for myriad other breaches. Utah Code Ann. § 34A–2–419(1)(a) (recognizing agreements to provide benefits in addition to those provided by the Act are valid); *Shattuck–Owen v. Snowbird Corp.*, 2000 UT 94, ¶ 23, 16 P.3d 555 (noting UWCA "was not designed or intended to free an employer from performing its contractual promises to provide specific benefits to its employees") (internal quotation marks and citation omitted); *Richardson v. Valley Asphalt, Inc.*, 109 F.Supp.2d 1332, 1339–41 (D.Utah 2000) (allowing constructive discharge claim to go forward while barring other claim due to UWCA).

When a plaintiff seeks damages for personal injury as an alleged element of contractual damages, however, it is another matter. The exclusivity provision of the UWCA focuses not upon the nature of the claim, but upon the nature of the injury for which compensation is sought. It bars claims for injury or death arising out of or in the course of employment. Utah Code Ann. § 34A–2–105(1).

Here, plaintiffs claim that actions of Cook's employer caused the progression of her cancer and her subsequent death. This is precisely the type of personal injury for which the UWCA provides the exclusive remedy. Under Chief Justice Durham's theory, virtually any tort action could be characterized as a contract action in order to circumvent the UWCA. For instance, an employee could argue that the employer contracted, either explicitly or implicitly, to provide

necessary to arrest the progression of her cancer.

¶ 12 Alternatively, if plaintiffs' claims are true, Zions *aggravated* Cook's cancer within the meaning of the UWCA's plain language. It did so by refusing her requests for sick leave, thereby allowing the cancer to progress unchecked. The fact that Cook's cancer was already progressing as a natural disease process makes no difference[4] because, as already noted, the UWCA covers injuries *"in any way . . . aggravated . . . in the course of or because of or arising out of the employee's employment," id.* (emphasis added), and the word "aggravate" means "to make worse, more serious, or more severe," as in a "problem[ ] . . . *aggravated by neglect." Merriam–Webster's Collegiate Dictionary* 22–23 (10th ed.1998) (emphasis added). Plaintiffs' contention that the conduct of Zions resulted in the progression of Cook's cancer and in her subsequent death falls within this definition.

¶ 13 Finally, the actions of Zions that plaintiffs allege aggravated Cook's cancer and caused her death clearly occurred in the course of Cook's employment with Zions. Indeed, Zions allegedly refused Cook's requests for sick leave during business hours and in violation of her employment contract. As such, the conduct of which plaintiffs complain occurred in the course of Cook's employment with Zions. Zions' workplace treatment of Cook is thus the sole basis for plaintiffs' wrongful death claim. The UWCA therefore covers plaintiffs' claim and provides the exclusive remedy available to them.[5]

## CONCLUSION

¶ 14 We hold that the plain language of the UWCA precludes plaintiffs' wrongful death claim because, according to plaintiffs' allega-

tions, Cook's cancer was aggravated and her death sustained because of her employment with Zions. We therefore affirm.

¶ 15 Justice HOWE, Justice RUSSON, and Justice WILKINS concur in Associate Chief Justice DURRANT's opinion.

DURHAM, Chief Justice, dissenting:

¶ 16 I respectfully dissent. The complaint in this case plainly states a cause of action for breach of contract, not preempted by the UWCA. Although count one of the complaint contains a confusing parenthetical description ("Wrongful Death–Wrongful Act"), it is clear from its final paragraph that it is in fact a breach of contract claim:

> 24. As a foreseeable . . . consequence of Zions Bank's breach of its express contractual obligation to Mrs. Cook and/or breach of the covenant of good faith and fair dealing which Zions Bank owed to Mrs. Cook, Mrs. Cook died causing plaintiffs to sustain damages as set forth in paragraphs 31 through 33 of this Complaint.

¶ 17 Claims for breach of contract are not covered by the UWCA. Furthermore, the Act itself excludes the injuries complained of here. Section 34A–2–102(10)(b) provides: " 'Personal injury by accident arising out of and in the course of employment' does not include a disease, except as the disease results from the injury." Mrs. Cook died of cancer, which was a disease unrelated to her employment. The claimed breach by Zions of its contractual obligation to allow Mrs. Cook sick leave for purposes of treatment qualifies as a "wrongful act" pursuant to

---

a safe work environment and that any injury sustained as the result of an unsafe condition gives rise to a breach of contract action, thereby circumventing the UWCA. Clearly, this was not the intent of the drafters of the UWCA. *See* Utah Code Ann. § 34A–2–301(2)(d) (indicating injuries from unsafe work environment fall under the UWCA even when employer willfully fails to follow own workplace safety program).

4. Chief Justice Durham argues that the UWCA is inapplicable because "Mrs. Cook died of cancer, which was a disease unrelated to her employment." It is true that plaintiffs do not allege that

Cook's cancer was caused by her employer. They do allege, however, that the actions of her employer caused the progression of her cancer and her subsequent death. Thus, the alleged injuries were directly related to her employment. Indeed, if the alleged injuries were unrelated to Cook's employment, it is difficult to see how plaintiffs would have any basis for an action against Cook's employer.

5. Because we conclude that plaintiffs' claim is subject to the UWCA, we do not address whether a breach of a contract can give rise to a wrongful death action.

section 78–11–7, and I believe the trial court erred in dismissing the complaint.