2007 UT App 376

**WORKING RX, INC., a Delaware corporation, Plaintiff and Appellant,**

v.

**WORKERS' COMPENSATION FUND, et al., Defendants and Appellees.**

No. 20061131–CA.

Court of Appeals of Utah.

Nov. 23, 2007.

Rex H. Huang, Salt Lake City, for Appellant.

M. David Eckersley, Salt Lake City, for Appellees.

Before BENCH, P.J., GREENWOOD, Associate P.J., and BILLINGS, J.

GREENWOOD, Associate Presiding Judge:

¶ 1 Working RX, Inc. (RX) filed suit in district court against the Workers' Compensation Fund (WCF)[1] and various employees WCF insured, alleging that RX was underpaid for prescriptions that certain pharmacies had filled for injured workers. RX asserted causes of action under the Workers' Compensation Act (the Act), see Utah Code Ann. §§ 34A–2–101 to –905 (2005 & Supp. 2007), and the common law theory of unjust enrichment. The trial court dismissed both claims, concluding that there is no express or implied private right of action under the Act and that the court has no jurisdiction to adjudicate RX's unjust enrichment claim. We affirm both rulings on the basis that the district court lacked jurisdiction.

## BACKGROUND

¶ 2 RX contracts with pharmacies to process, handle, and bill for injured workers' prescription claims. According to RX, after a pharmacy fills a prescription, it assigns its right of collection for the related invoice to RX. RX then bills the employer or its insurer; in this case, WCF.

¶ 3 RX brought suit against WCF, seeking approximately four million dollars in prescription bills that WCF allegedly underpaid. RX pleaded two causes of action. The first one, titled "Utah Labor Code," alleged that WCF violated Utah Code section 34A–2–418(1), which requires employers or their insurance carriers to pay "reasonable sums for ... medicines." Id. § 34A–2–418(1) (2005).[2] The second cause of action alternatively claimed unjust enrichment.

---

1. WCF is a "nonprofit, quasi-public corporation [whose] ... purpose ... is to ... insure Utah employers against liability for compensation based on job-related accidental injuries and occupational diseases," where employees are entitled to compensation under the Workers' Compensation Act and the Utah Occupational Disease Act. Utah Code Ann. § 31A–33–102 (2005); see also generally Workers' Comp. Fund v. State, 2005 UT 52, ¶¶ 2–31, 125 P.3d 852 (describing the history, nature, and legal status of WCF).

2. RX cites the 1997 version of Utah Code section 34A–2–418; however, the 2005 version was in effect at the time RX filed its complaint. We therefore refer to the 2005 version of the statute.

¶ 4 WCF filed a motion to dismiss under rule 12(b)(6) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 12(b)(6). WCF argued that there is no private right of action under the Act and that RX's unjust enrichment claim must be brought before the Utah Labor Commission (the Commission), not a district court.[3] The trial court granted WCF's motion, holding that both of RX's claims fall within the Commission's exclusive jurisdiction. RX appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 RX argues that the trial court has jurisdiction to hear RX's private right of action and unjust enrichment claims.[4] "Whether the district court has jurisdiction is a question of law that we review for correctness, giving no deference to the lower court." *State v. Norris,* 2007 UT 6, ¶ 10, 152 P.3d 293.

## ANALYSIS

### I. Utah Labor Code Claim

¶ 6 RX asserts that WCF violated the Act by not properly paying for prescriptions and that the trial court erred by dismissing this claim on the basis that the Act does not provide for a private right of action. We first, however, must determine whether the trial court has subject matter jurisdiction to reach the merits of this claim. *See Housing Auth. v. Snyder,* 2002 UT 28, ¶ 11, 44 P.3d 724 ("[B]ecause it is a threshold issue, we address jurisdictional questions before resolving other claims."); *see also Sheppick v. Albertson's, Inc.,* 922 P.2d 769, 773–75 (Utah 1996) (addressing jurisdiction before any other claims raised under the Act).

¶ 7 In advancing its first cause of action, RX asserts that WCF has a statutory duty under Utah Code section 34A–2–418(1) to pay for injured workers' prescription medi-

cines and that WCF violated this duty by underpaying RX for certain prescriptions. This is, therefore, a claim alleging a violation under the Act and, as such, comes within the Commission's exclusive jurisdiction.

¶ 8 The Act imposes an administrative scheme, designed "to provide speedy compensation to workers who are injured as a result of an accident occurring in the course and scope of their employment, irrespective of negligence." *Sheppick,* 922 P.2d at 773. It is essentially "a no-fault type insurance protection scheme for work-related injuries in lieu of traditional common law tort remedies." *Id.* Except for two narrow exceptions, which are not present here, "[d]istrict courts have no jurisdiction whatsoever over cases that fall within the purview of the Workers' Compensation Act." *Id.* (citing *Morrill v. J & M Constr. Co.,* 635 P.2d 88, 89 (Utah 1981); *Bryan v. Utah Int'l,* 533 P.2d 892 (Utah 1981); *Ortega v. Salt Lake Wet Wash Laundry,* 108 Utah 1, 156 P.2d 885, 887 (1945); *Murray v. Wasatch Grading Co.,* 73 Utah 430, 274 P. 940, 942 (1929)). RX essentially argues that its claim does not come within the Commission's exclusive jurisdiction because, prior to amendments that became effective in 2006, RX was precluded from filing a claim with the Commission. Furthermore, RX argues that the cases that discuss the Commission's exclusive jurisdiction are inapplicable here because they only relate to claims regarding employees seeking damages from employers. We examine these assertions in reverse order.

¶ 9 The Commission's broad jurisdiction is exemplified, in part, by the Act's exclusive remedy provision. Section 34A–2–105 of the Act states that "the liabilities of the employer imposed by this chapter shall be in place of any and all other civil liability whatsoever, at common law or otherwise, to the employee . . . or any other person whom-

---

Subsection (1) of the 2005 version states, "In addition to the compensation provided in this chapter or Chapter 3, Utah Occupational Disease Act, the employer or the insurance carrier shall pay reasonable sums for medical, nurse, and hospital services, for medicines, and for artificial means, appliances, and prostheses necessary to treat the injured employee." Utah Code Ann. § 34A–2–418(1) (2005).

3. This second argument is essentially a lack of jurisdiction argument, *see* Utah R. Civ. P. 12(b)(1), and the trial court treated it as such.

4. Because jurisdiction is dispositive in this case, we do not directly address RX's claim of a private right of action.

soever, ... and no action at law may be maintained against an employer." Utah Code Ann. § 34A–2–105(1) (2005). "[A]lthough an exclusive remedy does not necessarily mean exclusive jurisdiction," *Sheppick,* 922 P.2d at 774, Utah courts interpreting this provision have repeatedly held that the exclusive remedy provision confers virtually exclusive jurisdiction with the Commission. *See, e.g., Cook v. Zions First Nat'l Bank,* 2002 UT 105, ¶¶ 9, 11, 57 P.3d 1084; *Sheppick,* 922 P.2d at 774–75. For example, in *Sheppick,* the supreme court stated that "it is clear from the context of [the exclusive remedy] provision and other provisions that the exclusive remedy ... and the means for adjudicating the right to such a remedy rests with the Commission, and only the Commission." 922 P.2d at 774. And prior to *Sheppick,* in *Morrill v. J & M Construction Co.,* 635 P.2d 88 (Utah 1981), the supreme court explained that the exclusive remedy provision

> makes it clear that the Act is the *exclusive* vehicle for recovery of compensation for injury or death, *against the employer and other employees* to the exclusion of *"any and all other civil liability whatsoever, at common law or otherwise,"* and that it *bars* all next of kin *or dependents, or anyone else,* from using any other means of recovery against employers and others named in and covered by the Act, than the Act itself.

*Id.* at 89. Based on the broad language of the exclusive remedy provision and cases interpreting the same, i.e., "any and all other civil liability" and "bars all next of kin ... or anyone else," *id.,* we disagree with RX's assertion that the exclusive remedy provision applies only to cases involving employers and employees.

¶ 10 Thus, we now examine the remedies provided under the Act to determine whether, as RX asserts, it was precluded from having its claim for prescription payments heard before the Commission prior to 2006. Part 8 of the Act, titled Adjudication, states that "[t]o contest an action of the employer's employee or its insurance carrier concerning a compensable, industrial accident or occupational disease alleged by the employee, any

of the following shall file an application for hearing with the Division of Adjudication: (i) the employee; or (ii) a representative of the employee." Utah Code Ann. § 34A–2–801 (1)(a) (2005). Part 8 also provides that physicians and attorneys may also file an application for a hearing with the Commission. *See id.* § 34A–2–801(c)–(d). Moreover, the administrative rules under the Act state that "[a]n employer, insurance carrier, *or any other party with standing under the Workers' Compensation Act* may obtain a hearing before the Adjudication Division by filing a request for agency action with the [Commission]." Utah Admin. Code R602–2–1(B)(2) (emphasis added). The Act's exclusive jurisdiction provision states:

> (a) Subject to appellate review ..., the commission has exclusive jurisdiction to hear and determine whether the treatment or services rendered to an employee by a physician are:
>
> ....
>
> (ii) compensable pursuant to this chapter....
>
> (b) Except as provided in Subsection (12)(a), ... a person may not maintain a cause of action in any forum within this state other than the commission for collection or payment of a physician's billing for treatment or services that are compensable under this chapter....

Utah Code Ann. § 34A–2–407 (12) (2005).

¶ 11 Neither the adjudication section nor the exclusive jurisdiction provision explicitly state that a prescription provider may file an application for a hearing with the Commission; however, when read together with administrative rule 602–2–1, the statutory scheme provides that claims regarding the reasonableness of payments for prescriptions come within the Commission's exclusive jurisdiction. *Cf. Sheppick v. Albertson's, Inc.,* 922 P.2d 769, 773 (Utah 1996) ("Although the Act does not specifically state that no court may award benefits provided by the Act, that is its clear import."). Even without a specific statement establishing so, "the right to exercise such jurisdiction, in our judgment, is clearly implied as necessary and incident to the exercise of the other powers granted and compliance with the duty imposed by the

other provisions of the act." *Utah Copper Co. v. Industrial Comm'n*, 57 Utah 118, 193 P. 24, 27 (1920). For us to "hold otherwise would ... run contrary to the entire spirit and purpose of the law." *Id.*

¶ 12 This conclusion is supported by the fact that the Act was amended in 2006 to add claims for payment of prescriptions to the list of claims over which the Commission has exclusive jurisdiction. *See* Workers' Compensation Revisions, ch. 295, § 4, 2006 Utah Laws 295, 1491 (codified at Utah Code Ann. § 34A–2–407(12) (Supp.2007)).[5] The 2006 amendments also added providers of "goods and services" to the list of individuals or entities that may file an application for a hearing with the Commission. *See id.* § 6, 2006 Utah Laws 295 at 1494 (codified at Utah Code Ann. § 34A–2–801(1)(c) (Supp.2007) ("A person providing goods or services ... may file an application for hearing. . . .")). These amendments, although effective after RX filed its action, are "instructive as to the Legislature's intent, ... [and likely] clarify what had previously been true." *Broadbent v. Board of Educ.*, 910 P.2d 1274, 1279 (Utah 1996). Actions relating to the reasonableness of payment for prescriptions therefore come within the Commission's exclusive jurisdiction. In reaching this conclusion, we find no support for RX's position that prescription providers were precluded from filing an action with the Commission prior to the 2006 amendments.

## II. Unjust Enrichment Claim

¶ 13 We reach the same jurisdictional conclusion regarding RX's common law claim for unjust enrichment. The Act

allows for only two instances in which resort to a district court may be had for a

judicial common law remedy ... [:(1) when] an employee [is] injured by a willful or intentional tortious act of an employer or a fellow employee ... [or (2) ]. if an employer fails to comply with the insurance requirements stated in Utah Code Ann. § 35–1–46, which requires employers either to provide workers' compensation insurance or to be self-insured.

*Sheppick v. Albertson's, Inc.*, 922 P.2d 769, 774 (Utah 1996). We acknowledge that the supreme court also explained that there may be certain common law claims under the Act that "could be adjudicated only in the district court ... [because] the Commission has neither the authority nor the jurisdiction to adjudicate [such claims]." *Id.* at 775–76. This case does not fall within this exception because RX's unjust enrichment claim is not merely a common law claim that the Commission has no jurisdiction to adjudicate; rather, it is more properly categorized as a recharacterization of RX's first claim, which plainly alleges a violation of the Act. *See id.* at 776 (stating that the premise of the plaintiff's bad faith claim invoked the Commission's exclusive jurisdiction); *see also Cook v. Zions First Nat'l Bank*, 2002 UT 105, ¶ 10, 57 P.3d 1084 ("Notwithstanding Plaintiff's attempt to characterize their claim so as to avoid application of the [Act] ... the language of their complaint clearly invokes the application of the Act.").

¶ 14 In *Sheppick*, where the supreme court arrived at a similar conclusion, the court speculated that a plaintiff might have a valid common law action regarding an alleged violation of the Act if the claim falls outside of the Commission's jurisdictional authority. *See* 922 P.2d at 775–76. Nonetheless, the court determined that Sheppick's claim did

---

5. Specifically, section 34A–2–407 was amended to provide the following:

   (12) (a) Subject to appellate review under Section 34A–1–303, the commission has exclusive jurisdiction to hear and determine:

   (i) *whether goods provided to or services rendered to an employee are compensable pursuant to this chapter . . ., including:*

   (A) medical, nurse, or hospital services; (B) *medicines;* . . . .

   (ii) the reasonableness of the amounts charged or paid for a good or service described in Subsection 12(a)(1);

   . . . .

   (b) Except as provided in Subsection 12(a), . . . a person may not maintain a cause of action in any forum within this state other than the commission for the collection or payment for goods or services described in Subsection (12)(a) that are compensable under this chapter. . . .

   Utah Code Ann. § 34A–2–407(12) (Supp.2007) (effective May 1, 2006) (emphasis added).

not qualify as such a circumstance because the premise of his claim invoked the Commission's exclusive jurisdiction. *See id.* at 776. Sheppick had brought a common law claim for bad faith refusal to deal, alleging that the Commission should have compensated him for injuries in addition to those for which he had previously been compensated. *See id.* at 772. The supreme court determined that the trial court could not entertain Sheppick's common law claim because it depended on a finding that the injuries were caused by an industrial accident, and "that determination lies within the exclusive jurisdiction of the Commission. For that reason, the district court had no jurisdiction to adjudicate the claim." *Id.* at 776.

¶ 15 Similarly, in this case, RX's unjust enrichment claim alleges that WCF did not pay reasonable charges for medications as required by Utah Code section 34A–2–418(1) (2005). Because this is essentially a reframing of RX's allegation that WCF violated the Act, the district court did not err in concluding that it lacked jurisdiction to rule on RX's unjust enrichment claim. *See Cook,* 2002 UT 105, ¶ 11, 57 P.3d 1084 (stating that the "heart" of the plaintiff's common law claim invoked the Act's exclusive jurisdiction).

### CONCLUSION

¶ 16 We affirm the trial court's dismissal of RX's labor code claim, alleging a violation of Utah Code section 34A–2–418(1), on the basis that it comes within the Commission's exclusive jurisdiction and, thus, the trial court had "no jurisdiction whatsoever," to rule on the claim. *Sheppick,* 922 P.2d at 773. We conclude similarly with respect to RX's common law claim for unjust enrichment because it is no more than a recharacterization of RX's labor code claim, and therefore also comes within the Commission's exclusive jurisdiction. Consequently, we affirm.

¶ 17 WE CONCUR: RUSSELL W. BENCH, Presiding Judge and JUDITH M. BILLINGS, Judge.