2021 UT App 93

# THE UTAH COURT OF APPEALS

YASSER FARMAN-RAVA,
Appellant,
*v.*
BLU AUTO TRANSPORT LLC,
Appellee.

Opinion
No. 20200250-CA
Filed September 2, 2021

Third District Court, Salt Lake Department
The Honorable Su Chon
No. 170904692

Daniel F. Bertch, Attorney for Appellant

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES JILL M. POHLMAN and RYAN M. HARRIS concurred.

MORTENSEN, Judge:

¶1     Yasser Farman-Rava was injured on the job and sued his employer, Blu Auto Transport LLC (Employer). He was able to sue Employer in court because Employer had not purchased workers' compensation insurance. Two causes of action were tried, in a bench trial, to the district court: negligence and intentional infliction of emotional distress (IIED). The court concluded that Farman-Rava prevailed on his negligence claim, but that he had failed to prove his IIED claim. Thereafter, citing Utah Code section 34A-2-207(4), Farman-Rava moved to collect attorney fees for time spent on the negligence claim. The district court denied his request. Farman-Rava appeals this denial of fees, and we reverse and remand.

¶2     While working for Employer, Farman-Rava lost a portion of his finger when his supervisor activated a piece of equipment

that Farman-Rava was handling. Farman-Rava filed suit in district court, alleging that Employer's negligence was the cause of his injury. He also included a claim for IIED based on threatening messages he received, and which he believed were sent by the supervisor.

¶3     These claims were eventually tried to the bench. The court found that Farman-Rava had prevailed on his negligence claim, but that his IIED claim failed. In finding that Farman-Rava "was injured due to the negligence of [Employer]," the court evaluated the applicability of the Workers' Compensation Act. It noted that, typically, the Workers' Compensation Act provides the "exclusive remedy" for an employee seeking compensation for an on-the-job injury (quoting Utah Code Ann. § 34A-2-105(1) (LexisNexis 2019)) but concluded that this provision did not apply because Employer had failed to provide workers' compensation insurance, (citing Utah Code Ann. § 34A-2-207) (LexisNexis 2019). Consequently, the district court concluded that Farman-Rava was entitled to "seek all the remedies under tort law," and awarded him damages for medical bills and pain and suffering.

¶4     Thereafter, Farman-Rava moved for attorney fees under Utah Code section 34A-2-207(4). In evaluating the motion, the district court observed that Farman-Rava was "entitled to only the actual fees on the claim that he prevailed on" and was thus "not entitled to the fees for the claims that he did not prevail on, namely the [IIED]" claim. The district court did acknowledge that, in a supporting affidavit, Farman-Rava's counsel explained that "he excluded time for work that did not materially advance the case and time spent on the losing claim for [IIED]," and, "[f]or work that was for both Negligence and [the] IIED claim, [he had] included only 1/2 of that time." Nevertheless, the court went on to rule that the "attorney's

fees for the negligence" claim should also "be deducted."[1] This was so, the district court explained, because,

> Other than the workplace insurance claim, [Farman-Rava's counsel] is unable to point to a statute that permits him to obtain attorney's fees as to the negligence claim.

¶5     Farman-Rava appeals the district court's order denying his request for fees related to his negligence claim. Because the substance of this ruling was that Utah Code section 34A-2-207(4) simply did not apply to Farman-Rava's negligence claim, this is a legal conclusion, which we review for correctness.[2] *See Gilbert Dev. Corp. v. Wardley Corp.*, 2010 UT App 361, ¶ 16, 246 P.3d 131 ("The question of whether a party is entitled to an award of attorney fees is a legal conclusion which we review for correctness." (cleaned up)). And we conclude that the district court erred, given that section 34A-2-207(4), a provision within the Workers' Compensation Act, explicitly provides for an award of attorney fees in this situation. *See also Anderson & Karrenberg v. Warnick*, 2012 UT App 275, ¶ 9, 289 P.3d 600 ("[A]ttorney fees are recoverable only if authorized by contract or statute.").

---

1. Thus, the court effectively denied Farman-Rava any attorney fees.

2. Employer did not file a brief or otherwise resist the contentions made in Farman-Rava's moving brief. While this "does not amount to an automatic default and consequent reversal of the lower court," it does mean that Farman-Rava "need only establish a prima facie showing of a plausible basis for reversal." *AL-IN Partners, LLC v. LifeVantage Corp.*, 2021 UT 42, ¶ 19 (cleaned up). "This is a lower standard than the typical burden of persuasion on appeal." *Id.*

¶6 Pursuant to the Workers' Compensation Act, an employee who is injured during the course of employment typically cannot bring a tort claim against their employer. *See*, *e.g.*, *Brown v. Williams*, 2017 UT App 29, ¶ 8, 392 P.3d 919. Instead, the Workers' Compensation Act provides the "exclusive remedy." *See* Utah Code Ann. § 34A-2-105(1). This means that the employee must pursue compensation through the Workers' Compensation Act's administrative scheme, and indeed, "district courts have no jurisdiction whatsoever over cases that fall within the purview of the Workers' Compensation Act." *See Working RX, Inc. v. Workers' Comp. Fund*, 2007 UT App 376, ¶ 8, 173 P.3d 853 (cleaned up); *see also Thomas A. Paulsen Co. v. Industrial Comm'n*, 770 P.2d 125, 127 (Utah 1989) ("If an employee is injured in an accident during the course of employment and the employer is properly insured, the employee's sole means of obtaining redress is through the workers' compensation system.").

¶7 However, pursuant to section 34A-2-207, this limitation does not apply where the employer failed to "secure the payment of workers' compensation benefits." *See* Utah Code Ann. §§ 34A-2-201 (LexisNexis 2019), -207; *see also Thomas A. Paulsen Co.*, 770 P.2d at 127 ("However, when an employer is not insured as required by statute, the employee has the option of seeking damages . . . in the courts . . . ." (cleaned up)). In such a scenario, section 34A-2-207 expressly empowers employees to pursue a "civil action" against their employer "for damages suffered by reason of personal injuries arising out of or in the course of employment caused by the wrongful act, neglect, or default of the employer or any of the employer's officers, agents, or employees." *See* Utah Code Ann. § 34A-2-207(1)(a). Further, subsections of the statute go on to provide that, in any such civil action, proof of the injury constitutes "prima facie evidence of negligence on the part of the employer" and that the employer is prevented from raising various affirmative defenses such as

assumption of risk or contributory negligence. *See* Utah Code Ann. § 34A-2-207(1)(b), (2). Finally, subsection (4) explicitly provides for an award of attorney fees:

> *In any civil action permitted under this section* against the employer, the employee shall be entitled to necessary costs and a reasonable attorney fee assessed against the employer.

*See id.* § 34A-2-207(4) (emphasis added).

¶8 Here, the district court correctly noted that the Workers' Compensation Act was not Farman-Rava's "exclusive remedy" because Employer had failed to secure or obtain workers' compensation insurance and, therefore, section 34A-2-207 was operative. Yet, when Farman-Rava sought attorney fees under subsection (4) of that same statute for fees related to his negligence claim, the district court denied this request.

¶9 In so ruling, the court concluded that Farman-Rava could not rely on this provision and instead had "to point to" a different statute to be entitled to fees for his negligence claim. *See supra* ¶ 4. This was error. Farman-Rava was entitled to an attorney fee award pursuant to section 34A-2-207(4) because his negligence claim was a "civil action permitted under" that statute. *Id.* Farman-Rava's negligence claim, in which he sought compensation from his employer for an on-the-job injury, is paradigmatic of the claims that would typically be preempted by the Workers' Compensation Act, but because his employer failed to secure or obtain worker's compensation insurance, it is permitted by section 34A-2-207. *See, e.g., Brown*, 2017 UT App 29, ¶ 13 (affirming dismissal of an employee's negligence claim relating to an injury on the employer's premises because "workers' compensation benefits" were her "exclusive remedy"). Indeed, section 34A-2-207 leaves no room for ambiguity on this point, as it explicitly speaks in terms of negligence—it provides

that proof of injury constitutes prima facie evidence of negligence, and then goes on to prevent the employer from raising various affirmative defenses to negligence claims. *See* Utah Code Ann. 34A-2-207(1)(b), (2). The statute is clear: Farman-Rava is entitled to an award of reasonable attorney fees for time spent on the negligence claim.

¶10     Reversed and remanded for proceedings consistent with this opinion.

———