2009 UT 19

**DALE T. SMITH & SONS and Workers Compensation Fund, Petitioners,**

v.

**UTAH LABOR COMMISSION and Jeffrey D. Smith, Respondents.**

No. 20070848.

Supreme Court of Utah.

April 7, 2009.

Floyd W Holm, Murray, for petitioners.

Alan L. Hennebold, Salt Lake City, for respondent, Utah Labor Commission.

Phillip B. Shell, Murray, for respondent, Smith.

WILKINS, Justice:

¶ 1 We are asked, on certiorari, to determine whether the court of appeals correctly construed the term "compensation" in the context of Utah Code section 34A–3–110 of the Utah Occupational Disease Act. We disagree with the court of appeals' conclusion and reverse. We conclude that for the purpose of section 34A–3–110, "compensation" includes medical expenses.

## BACKGROUND

¶ 2 Jeffrey D. Smith developed a lower back condition during the course of his more than twenty years of employment as a meat packer. Seeking coverage for this condition under the Utah Occupational Disease Act, he filed an application for hearing with the Utah Labor Commission. The Commission held an evidentiary hearing in which medical evidence showed that approximately thirty-five percent of Mr. Smith's condition was attributable to his employment. The Administrative Law Judge (ALJ) did not send the case to a medical panel for a more exact determination of the percentage of the condition attributable to the employment, but instead awarded Mr. Smith full payment of all reasonable and necessary medical expenses related to his lower back condition. In awarding payment to Mr. Smith, the ALJ relied on the Labor Commission Appeals Board Order on Motion for Review in *Edmonds,* Case No. 02–0969 (Labor Comm'n App. Bd. Aug. 29, 2006), which held that the term "compensation" as used in Utah Code section 34A–3–110 did not include medical expenses, and

medical expenses, therefore, were not apportionable.[1] The ALJ's award was affirmed by the Labor Commission Appeals Board and by the court of appeals. *See Dale T. Smith & Sons v. Labor Comm'n*, 2007 UT App 306 (2007), 2007 Utah App. Lexis 314.

## STANDARD OF REVIEW

■ ¶ 3 We review the court of appeals' interpretation of Utah Code section 34A–3–110 for correctness. *See Thomas v. Color Country Mgmt.*, 2004 UT 12, ¶ 9, 84 P.3d 1201.

## ANALYSIS

¶ 4 The specific question raised on certiorari is whether the Legislature intended medical expenses to be included within the term "compensation" as used in section 34A–3–110 of the Utah Occupational Disease Act. That section reads:

The compensation payable under this chapter shall be reduced and limited to the proportion of the compensation that would be payable if the occupational disease were the sole cause of disability or death, as the occupational disease as a causative factor bears to all the causes of the disability or death when the occupational disease, or any part of the disease:

(1) is causally related to employment with a non-Utah employer not subject to commission jurisdiction;

(2) is of a character to which the employee may have had substantial exposure outside of employment or to which the general public is commonly exposed;

(3) is aggravated by any other disease or infirmity not itself compensable; or

(4) when disability or death from any other cause not itself compensable is aggravated, prolonged, accelerated, or in any

way contributed to by an occupational disease.

Utah Code Ann. § 34A–3–110 (2005).

¶ 5 The Utah Occupational Disease Act provides the exclusive remedy for employees who suffer disability or death as a result of a disease or illness contracted in the course of their employment. *See* Utah Code Ann. § 34A–3–102(3) (2005). The companion Workers' Compensation Act is the exclusive remedy for employees who suffer a disability or death as a result of an accident or injury sustained in the workplace. *See id.* § 34A–2–105(1) (Supp. 2008). Both acts are similar in many regards, and are contained within the same title of the Utah Code. Many of the definitions and general provisions apply to both.

¶ 6 The Utah Occupational Disease Act itself does not contain a definition of "compensation." Instead, it incorporates the definition used in the Workers' Compensation Act.[2] Utah Code section 34A–2–102(1)(c) defines "compensation" as "the payments and benefits provided for in this chapter or Chapter 3, Utah Occupational Disease Act." *Id.* § 34A–2–102(1)(c) (Supp. 2008).[3]

■ ¶ 7 When determining the meaning of a statute we first look to the words used by the Legislature, the statute's plain language. *Aris Vision Inst., Inc. v. Wasatch Prop. Mgmt.; Inc.*, 2006 UT 45, ¶ 9, 143 P.3d 278. Additionally, we try to read the plain language of a statute as a whole, with due consideration of the other provisions and in an effort to interpret them in harmony with each other and "with other statutes under the same and related chapters." *State v. Schofield*, 2002 UT 132, ¶ 8, 63 P.3d 667 (internal quotation marks omitted). We restrict ourselves to the plain language unless we are faced with an ambiguity in that lan-

---

1. The Commission's decision was upheld by the court of appeals in *Ameritech Library Serv. v. Labor Comm'n*, 2007 UT App 305, 169 P.3d 784, which is also before us on certiorari.

2. "Subject to the limitations provided in this chapter and, unless otherwise noted, all provisions of Chapter 2, Workers' Compensation Act, and Chapter 8, Utah Injured Worker Reemployment Act, are incorporated into this chapter and

shall be applied to occupational disease claims." Utah Code Ann. § 34A–3–102(2) (2005).

3. Utah Code section 34A–2–102(1)(c) (Supp. 2008), formerly section 34A–2–102(3) (Supp. 2007), was renumbered in 2008. As there has been no change to the substantive language of the statute, we use the new numbering throughout this opinion.

guage. *See State v. Burns*, 2000 UT 56, ¶ 25, 4 P.3d 795.

¶ 8 We find no ambiguity in the plain language used by the Legislature here. Compensation means "the payments and benefits provided for in [the] ... Utah Occupational Disease Act." Utah Code Ann. § 34A–2–102(1)(c) (Supp. 2008). Respondents would have us interpret "compensation" in the context of section 34A–3–110 to exclude medical benefits, essentially limiting it to lost wages. We decline to do so. The phrase "payments and benefits provided for in this chapter," *id.*, clearly contemplates all payments and benefits, not just some of them.

¶ 9 Reimbursement or direct payment of medical expenses is a payment or benefit specifically provided for in the Utah Occupational Disease Act. Section 104 of the Act states, in relevant part, "Every employer is liable for the payment of disability and *medical benefits* to every employee who becomes disabled...." *Id.* § 34A–3–104(1) (2005) (emphasis added). The term "compensation," as defined by the Legislature, must be read consistently throughout the statute; medical benefits resulting from an occupational disease are defined as part of the compensation employers are required to pay under section 34A–3–104.[4]

¶ 10 Petitioners direct our attention to our decisions in *Kennecott Copper Corp. v. Industrial Commission*, 597 P.2d 875 (Utah 1979) and *Christensen v. Industrial Commission*, 642 P.2d 755 (Utah 1982). In those cases, in dicta, we may have left the impression that we considered compensation and medical benefits to be mutually exclusive. To the degree we did so, we disavow that suggestion. Both cases dealt with statutes of limitations issues, and did not address, in any way, the definitions of "compensation" or of "medical benefits" for purposes of coverage under either the Workers' Compensation Act or the Utah Occupational Disease Act.

---

**4.** We leave for another day the question of apportionment of compensation under Utah Code sec-

## CONCLUSION

¶ 11 We hold that "compensation" as used in section 34A–3–110 of the Utah Occupational Disease Act includes the payment of medical benefits.

¶ 12 We reverse the decision of the court of appeals and remand for further proceedings consistent with this opinion.

¶ 13 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.