213 P.3d 30 (2009)
2009 UT 20
AMERITECH LIBRARY SERVICES (DYNIX), and/or American Manufacturing Mutual/Kemper, Petitioners,
v.
UTAH LABOR COMMISSION and Tamara Edmonds, Respondents.
No. 20070856.
Supreme Court of Utah.
April 7, 2009.
Theodore E. Kanell, John H. Romney, Salt Lake City, for petitioners.
Alan L. Hennebold, Salt Lake City, for respondent, Utah Labor Commission.
Phillip B. Shell, Murray, for respondent, Edmonds.

On Certiorari to the Utah Court of Appeals
WILKINS, Justice:
¶ 1 Tamara Edmonds developed carpal tunnel syndrome while employed by Ameritech Library Services. She sought coverage under the Utah Occupational Disease Act by *31 filing an application for hearing with the Utah Labor Commission. Following an evidentiary hearing by the Labor Commission and consideration by a medical panel, the Administrative Law Judge (ALJ) found that ten percent of the carpal tunnel syndrome could be attributed to Edmonds' work related activities. The ALJ therefore awarded Edmonds ten percent of her medical expenses, reasoning that apportionment was required under Utah Code section 34A-3-110 of the Utah Occupational Disease Act. On review, the Labor Commission determined that medical expenses should not be apportioned in occupational disease claims and awarded Edmonds one hundred percent of her medical expenses. This decision was upheld by the Utah Court of Appeals in Ameritech Library Services v. Labor Comm'n, 2007 UT App 305, 169 P.3d 784, and is now before us on certiorari.
¶ 2 We heard this case in conjunction with Dale T. Smith & Sons v. Utah Labor Comm'n, 2009 UT 19, 208 P.3d 533, which shares the same relevant issue. In that opinion we held that in the context of Utah Code section 34A-3-110, the term "compensation" includes medical expenses. We therefore reverse the decision of the court of appeals and remand for further proceedings pursuant to the principles announced in Dale T. Smith & Sons.
¶ 3 Reversed.
¶ 4 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.