*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2026 UT 3**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

HB CONSTRUCTION and/or AUTO OWNERS INSURANCE COMPANY,
*Petitioners,*

*v.*

LABOR COMMISSION OF UTAH and EDUARDO NARCISO,
*Respondents.*

No. 20241315
Heard December 10, 2025
Filed February 26, 2026*

On Certification from the Court of Appeals

Attorneys:

Mark R. Sumsion, Salt Lake City, for petitioners

Christopher C. Hill, Salt Lake City, for respondent
Labor Commission of Utah

Gary E. Atkin, K. Dawn Atkin, Salt Lake City, for respondent
Eduardo Narciso

ASSOCIATE CHIEF JUSTICE POHLMAN authored the opinion of the
Court, in which CHIEF JUSTICE DURRANT, JUSTICE PETERSEN,
JUSTICE HAGEN, and JUSTICE NIELSEN joined.

ASSOCIATE CHIEF JUSTICE POHLMAN, opinion of the Court:

## INTRODUCTION

¶1　An injured employee obtained $5 million (recovery) by
settling a tort action that he brought against third parties who were
involved in the workplace accident that left him severely disabled

---

* As of January 31, 2026, "The Supreme Court consists of seven
justices." UTAH CODE § 78A-3-101(1). Pursuant to Utah Supreme
Court Standing Order No. 18, this court sat and rendered judgment
in this matter as a division of five justices.

and incurring ongoing workers' compensation benefits. The Workers' Compensation Act requires the employee to share that recovery with his employer and its insurance carrier to offset their compensation obligation to him. But to share in the recovery, the employer and carrier must contribute to the cost of obtaining it. Specifically, subsection 34A-2-106(5), which governs the disbursement of a third-party recovery as between the employee and the employer and its carrier, requires that the "reasonable expense" of the third-party action, "including attorney fees," "be paid and charged proportionately against the parties as their interests may appear." UTAH CODE § 34A-2-106(5)(a)(i).

¶2  Applying this provision, the Labor Commission of Utah concluded that the employer and its insurance carrier's interest in the recovery is more than just the amount necessary to reimburse them for workers' compensation benefits already paid. Rather, the employer and the carrier also have an interest in the amount of the recovery that they expect to use as an offset against benefits they will pay in the future. Thus, the totality of their interest must be considered in calculating their proportional share of the expenses incurred to obtain the recovery. The Commission further concluded that the employer and its carrier were responsible for reimbursing the employee for their unpaid share of the expenses before they could offset such recovery against the ongoing benefits they owe.

¶3  The employer and its carrier seek judicial review, challenging both conclusions. We must decide whether under subsection 34A-2-106(5), an injured employee's anticipated future workers' compensation benefits are included in determining an employer's proportionate share of expenses of the third-party tort recovery or whether only past paid benefits are to be included in that proportionate share.

¶4  We hold that when an employer or carrier seeks to offset future benefits by the third-party recovery, the statute's reference to the parties' interests as they "may appear" requires the Commission to account for future anticipated benefits when determining an employer's proportionate share of expenses of a third-party action. We also reject the argument that the employer and carrier in this case were ordered to "advance benefits" to the injured employee, and we hold that where, as here, an employee has paid all expenses associated with the third-party recovery, an employer or insurance carrier must bear its proportionate share of

those expenses before offsetting future benefits against that recovery. Accordingly, we do not disturb the Commission's decisions.

## BACKGROUND[1]

¶5    In 2013, Eduardo Narciso was injured in a compensable industrial accident when he was knocked off a nine-foot concrete form and landed headfirst onto hard ground, causing him to become permanently and totally disabled and in need of constant monitoring. The accident occurred while he was working for HB Construction on a project with other individuals and companies separate from HB.

¶6    Narciso brought a tort action against the third parties involved in the accident. He settled that action for $5 million in July 2018. From that recovery, $2,149,618.89 was paid to Narciso's attorneys for the attorney fees and other expenses associated with the third-party action. A trust was established for the remaining $2,850,381.11.

¶7    HB and its insurance carrier, Auto Owners (collectively, Employer), had already paid $1,578,095.60 in medical and indemnity benefits by July 2018. But when Narciso settled the third-party action, Employer stopped paying benefits, and Narciso became responsible for his ongoing needs. The disbursement of the recovery then became the subject of agency proceedings.

¶8    Narciso's future medical and care costs will be substantial. Because the parties provided different estimates, the administrative law judge (ALJ) referred the issue to an impartial medical panel. Using a life expectancy of forty years, the panel estimated that Narciso's future costs would total over $7 million.

¶9    The crux of the dispute narrowed to the issue of Employer's proportionate share of the attorney fees associated with the third-party action. The resolution of this issue affects the determination of Employer's statutory offset against future liability for compensation benefits. In other words, it affects when the recovery will be depleted by Narciso's ongoing needs and thus when Employer will resume paying benefits out of pocket.

---

[1] Like the Commission and the Appeals Board, we recite the material facts consistent with the parties' stipulation of facts.

¶10 Before the ALJ, both sides recognized that Utah Code subsection 34A-2-106(5) governs the distribution of any injured employee's recovery obtained against a third party. But they disagreed over whether Employer's proportionate share of legal expenses would account for Narciso's future benefits.

¶11 In Narciso's view, the statute requires both past paid and anticipated future medical costs to be used to calculate Employer's proportionate share of expenses incurred in securing the third-party settlement. Citing a case applying subsection 106(5), *see Esquivel v. Lab. Comm'n*, 2000 UT 66, 7 P.3d 777, Narciso asserted that Employer's proportionate share would be the total amount of past and future costs ($1,578,095.60 of past paid benefits *plus* at least $7 million in anticipated future benefits) divided by the amount of the gross recovery ($5 million), which equals 171.6%. This math would result in Employer having "a proportionate share of more than 100%," making Employer responsible for the "full amount" of $2,149,618.89 in legal expenses.

¶12 Employer, in contrast, asserted that future medical costs are too uncertain to be included in calculating its proportionate interest in the recovery because future benefits "are not guaranteed to be incurred." Under Employer's math, the amount of past paid benefits ($1,578,095.60) alone would be divided by the gross recovery ($5 million), making its proportionate share only 31.6% of the $2,149,618.89 in legal expenses.

¶13 The ALJ agreed with Employer, reasoning that "because the statute does not explicitly refer to future unknown benefits in calculating the employer's interest, only known benefits shall be included" in calculating Employer's proportionate share of expenses related to the third-party recovery. Calculating 31.6% of $2,149,618.89, the ALJ determined that Employer's share of the legal expenses equaled $679,279.57.

¶14 On Narciso's motion for review, the Commissioner disagreed with the ALJ.[2] The Commissioner reasoned that the "tort recovery aids [Employer] by providing funds to cover its liability for Mr. Narciso's substantial workers' compensation benefits" and that for Employer "to obtain the benefit of using the tort recovery . . . , it must pay its share of attorney fees and costs to obtain the tort

---

[2] A party may request that an appeal be heard by a Commissioner or by the Commission's Appeals Board. *See* UTAH CODE § 34A-1-303(2)(b)(i), (3); *id.* § 34A-2-801(4)(b)–(c).

recovery." The Commissioner thus concluded that Employer's "share necessarily includes consideration of the cost of Mr. Narciso's future benefits because [Employer's] interest in the tort recovery includes an offset against the cost of paying those future benefits."

¶15 The ALJ, on remand, recalculated Employer's proportionate share of the legal expenses. Now totaling Employer's past payments with Narciso's anticipated future medical costs and dividing that sum by the gross recovery, the ALJ determined that Employer's proportionate share of the $2,149,618.89 in legal expenses was "more than 100%." Thus, the ALJ took the total amount of legal expenses and gave Employer credit for past paid benefits ($2,149,618.89 minus $1,578,095.60) to equal $571,523.29 as Employer's remaining share. Because all the legal expenses were paid out of Narciso's recovery, the ALJ also ordered that Employer must first pay Narciso $571,523.29 to reimburse him for the share of Employer's expenses that Narciso paid and that exceeded Employer's credit for past paid benefits.[3]

¶16 The ALJ next determined Employer's subrogation offset. He found the net recovery ($5 million minus $2,149,618.89 in legal expenses) to be $2,850,381.11. To that amount, he added $571,523.29 (reflecting the additional amount in recovery Narciso received once he was compensated for the legal expenses he had paid on Employer's behalf), concluding Employer's total subrogation offset to be $3,421,904.31. The ALJ then explained that Employer is "not responsible for additional workers' compensation benefits until the $3,421,904.31 amount is exhausted through payment of industrial-related benefits."

¶17 Employer challenged the ALJ's recalculation and reimbursement order before the Commission's Appeals Board. After acknowledging the Commissioner's conclusion that consideration of Narciso's future medical costs was "appropriate and necessary" in determining Employer's interest in the recovery, the Appeals Board upheld the ALJ's calculation of the amount Employer "is responsible for reimbursing . . . for the attorney fees

---

[3] A discrepancy in this figure's cents appears between the ALJ's conclusions of law and his order. We refer to the number as reflected in his order.

in the tort action to activate [its] right to offset such recovery against the benefits owed to" Narciso.

¶18 Employer sought judicial review of the decisions of the Commission and the Appeals Board.[4] After briefing was complete, the court of appeals certified this case to this court. *See* UTAH CODE § 78A-4-103(5).

## ISSUES AND STANDARD OF REVIEW

¶19 Employer challenges the Commission's decision to include future anticipated medical costs in determining Employer's proportionate share of legal expenses associated with the third-party tort action. Employer also challenges the Commission's decision upholding the order requiring Employer to reimburse Narciso for its outstanding portion of those expenses. Both decisions are based on an interpretation of Utah Code subsection 34A-2-106(5). We review an agency's interpretation of the law for correctness. *Petersen v. Utah Lab. Comm'n*, 2017 UT 87, ¶ 8, 416 P.3d 583.

## ANALYSIS

¶20 When an injured employee obtains damages from an action against a third party for its role in causing an industrial accident, Utah Code subsection 34A-2-106(5)(a)(i) instructs that the "reasonable expense of the action, including attorney fees, shall be paid and charged proportionately against the parties as their interests may appear." This case asks whether, under the statute, the employee's anticipated future medical costs are considered when determining the employer's proportionate share of the reasonable legal expenses of the third-party action.[5]

¶21 On judicial review, Employer contends that the Commission erred in concluding that Narciso's anticipated future

---

[4] Whether a decision is issued by the Commissioner or the Appeals Board, that decision is the Commission's decision. *See* UTAH CODE § 34A-1-303(2)(b)(ii), (c)(ii). Accordingly, for the remainder of the opinion, we will refer to the two decisions challenged here as the Commission's decisions.

[5] A third party in this context means "a person other than an employer, officer, agent, or employee of the employer" whose "wrongful act or neglect" caused the employee's injury. UTAH CODE § 34A-2-106(1).

medical costs are considered when determining Employer's proportionate share of legal expenses under subsection 106(5)(a)(i). Employer posits that its share instead should be "based only on the amounts paid at the time the Recovery is reached." Employer also contends that the Commission committed a second error by allegedly requiring Employer to "advance benefits" to Narciso in the amount of $571,523.29.

¶22 Narciso, for his part, defends the Commission's decisions. He first asserts that including future benefits in calculating Employer's proportionate share is proper because the "statute mandates a determination of the benefits that would have been paid by Employer, both past and future," given that Employer is "claim[ing] both the right of reimbursement *and* the right of offset on future amounts." Narciso also asserts that the Commission's affirmance of the ALJ's reimbursement order was correct because rather than requiring an advance of future benefits, the order was, in fact, requiring a reimbursement to Narciso for "the remaining balance owed for Employer's proportionate share of the attorneys' fees and costs [Narciso] paid to secure the third party settlement."

¶23 We agree with Narciso on both issues and hold that where, as here, an employer seeks both reimbursement and offset under Utah Code subsection 34A-2-106(5), the employer's proportionate share of the legal expenses of any third-party action includes consideration of past and future benefits. We therefore leave the challenged decisions undisturbed.

¶24 We first set forth the statute and explain our interpretation. We then address and reject Employer's contention that the Commission required Employer to advance benefits.

I. THE COMMISSION DID NOT ERR IN CONSIDERING NARCISO'S FUTURE BENEFITS BECAUSE EMPLOYER SEEKS TO OFFSET THOSE FUTURE BENEFITS

¶25 The parties disagree over the proper disbursement of the third-party recovery. This issue "can be determined from the terms of the [governing] statute using traditional methods of statutory construction." *Esquivel v. Lab. Comm'n*, 2000 UT 66, ¶ 19, 7 P.3d 777. When we interpret statutes, "we first look to the words used by the Legislature." *Dale T. Smith & Sons v. Utah Lab. Comm'n*, 2009 UT 19, ¶ 7, 218 P.3d 580. And "we try to read the plain language of a statute as a whole, with due consideration of [its] other provisions." *Id.*

¶26 We begin by explaining the governing statute's overall operation before we address Employer's arguments. Ultimately, we reject Employer's contention and do not disturb the Commission's decision.

*A. The Workers' Compensation Act Provides the Method for Disbursing a Third-Party Recovery*

¶27 Utah Code subsection 34A-2-106(5) directs how any recovery from a third-party tort action will be disbursed between an employee and an employer or its insurance carrier when the employee is entitled to workers' compensation benefits for the same injury. It states, in relevant part,

> (5) If any recovery is obtained against a third person, it shall be disbursed in accordance with Subsections (5)(a) through (c).
>
> (a)(i) The reasonable expense of the action, including attorney fees, shall be paid and charged proportionately against the parties as their interests may appear.
>
> (ii) Any fee chargeable to the employer or carrier is to be a credit upon any fee payable by the injured employee or, in the case of death, by the dependents, for any recovery had against the third party.
>
> (b) The person liable for compensation payments shall be reimbursed, less the proportionate share of costs and attorney fees provided for in Subsection (5)(a) . . . .
>
> (c) The balance shall be paid to the injured employee, or the employee's heirs in case of death, to be applied to reduce or satisfy in full any obligation thereafter accruing against the person liable for compensation.

UTAH CODE § 34A-2-106(5).

¶28 The plain language of subsection 106(5) requires that if any third-party recovery is obtained, it will be disbursed according to subsections (5)(a) through (c). *Id.* At this stage, "[e]xpenses have not yet been paid or accounted for" and "no deductions have been

allowed," so "it is the gross recovery being disbursed." *Esquivel*, 2000 UT 66, ¶ 25.[6]

¶29 The first step of the disbursement requires the reasonable legal expenses to be paid and the responsibility for those expenses to be apportioned between the parties. Specifically, the statute requires that the expenses be "charged proportionately against the parties as their interests may appear." UTAH CODE § 34A-2-106(5)(a)(i). This requirement is at the heart of the parties' disagreement. *See infra* Section I.B.

¶30 To determine a party's proportionate share of the expenses, we start by quantifying the party's interests in the recovery and then divide by the amount of the gross recovery. *See Esquivel*, 2000 UT 66, ¶ 26. That resulting percentage is then multiplied by the legal expenses, and that amount will be "charged proportionately against th[at] part[y]." *See* UTAH CODE § 34A-2-106(5)(a)(i); *Esquivel*, 2000 UT 66, ¶ 27.

¶31 Next, "[a]ny fee chargeable to the employer or carrier is to be a credit upon any fee payable by the injured employee . . . for any recovery had against the third party." UTAH CODE § 34A-2-106(5)(a)(ii). We have applied this provision and shown that when the employee has paid all the legal expenses, the employee is entitled to reimbursement for the employer or insurance carrier's proportionate share of reasonable expenses. *See Esquivel*, 2000 UT 66, ¶¶ 28–29.

¶32 Subsection 106(5)(b) provides the employer or carrier with the right to reimbursement for payments already made. *See id.* ¶ 30; *Granite Sch. Dist. v. Young*, 2023 UT 21, ¶ 23, 537 P.3d 225. When this right is claimed, subsection 106(5)(b) requires the person liable for compensation payments to be "*reimbursed, less* the proportionate share of costs and attorney fees provided for in Subsection (5)(a)." *See* UTAH CODE § 34A-2-106(5)(b) (emphasis added). Reimbursement necessarily accounts for past events, and this language directs that the employer's or carrier's past payments will be deducted by its proportionate share of legal fees before it will be reimbursed from the recovery. *See id.*

---

[6] The current subsection 106(5) is materially the same as the 1997 version that we discussed in *Esquivel*. *Compare* UTAH CODE § 34A-2-106(5), *with id.* (1997); *see Esquivel*, 2000 UT 66, ¶ 22 & n.4 (citing UTAH CODE § 34A-2-106(5) (1997)).

¶33 Finally, subsection 106(5)(c) provides the employer or insurance carrier with the right to offset future liability, stating that "[t]he balance shall be paid to the injured employee . . . to be applied to reduce or satisfy in full any obligation *thereafter accruing* against the person liable for compensation." *Id.* § 34A-2-106(5)(c) (emphasis added). This language, addressing benefits "thereafter accruing," is forward-looking and directs that ongoing benefits will be offset by any third-party recovery. *See id.*; *see also Anderson v. United Parcel Serv.*, 2004 UT 57, ¶ 9, 96 P.3d 903 (stating that "the remaining balance of the third-party recovery is to be paid to the employee's heirs 'to be applied to reduce or satisfy in full' any future obligation accruing against the person liable for compensation payments" (quoting UTAH CODE § 34A-2-106(5)(c)). And we have indicated that when the remaining total balance of the third-party recovery "is not greater" than the employer's or carrier's future liability, they "must resume payments once the amount of the total balance has been offset." *Esquivel*, 2000 UT 66, ¶ 32.

¶34 Having explained the statute, we now turn to Employer's arguments.

*B. An Employer's Proportionate Share of Legal Expenses Includes Anticipated Future Benefits When the Employer Seeks an Offset*

¶35 Employer contends that the Commission erred in considering Narciso's anticipated future benefits (and its corresponding future liability) when determining Employer's proportionate share of legal expenses under subsection 106(5)(a)(i). According to Employer, at the time of settlement, the determination of its "interests" could not include future benefits because "all benefits and liability are subject to change" depending on Narciso's longevity. Employer thus asserts that "[i]nterests that are prospective and uncertain, such as Narciso's future medical and indemnity benefits, cannot be included in the assessment of proportionate share." We disagree.

¶36 As stated, the statute instructs that the "reasonable expense of the action, including attorney fees, shall be paid and charged proportionately against the parties as their interests *may appear*." UTAH CODE § 34A-2-106(5)(a)(i) (emphasis added). But neither "may" nor "appear" require the level of certainty that

Employer reads into the statute.[7] Indeed, "may" can mean "[t]o be a possibility," *May*, BLACK'S LAW DICTIONARY (12th ed. 2024) (sense 2), and "appear" can mean "to have an outward aspect" or "seem," *Appear*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/appear (last visited Feb. 18, 2026) (sense 3). Used together, we think "may appear" cannot ask for absolute certainty when assessing the parties' interests in the third-party recovery but, rather, the language contemplates and tolerates some uncertainty in how events unfold after a third-party recovery is obtained.[8] *See* UTAH CODE § 34A-2-106(5)(a)(i).

¶37 Additionally, Employer is correct that subsection 106(5) provides the employer or carrier with reimbursement of past benefits *and* offset of future benefits. *See id.* § 34A-2-106(5)(b)–(c). We think it thus follows that a carrier's "interests" includes consideration of both past paid and future unpaid benefits when the carrier seeks both reimbursement for benefits previously paid and an offset against benefits to be paid in the future. *See id.* § 34A-2-106(5)(a)(i).

¶38 This conclusion comports with our caselaw. In *Esquivel v. Labor Commission*, the minor heirs of a fatally injured employee were entitled to benefits from the employer's insurer until the youngest child turned eighteen. 2000 UT 66, ¶¶ 26 & n.5, 33, 7 P.3d 777. Before those benefits had fully accrued, the heirs won a wrongful death suit against a third party. *Id.* ¶¶ 3–4. In addressing how the tort recovery would be disbursed between the heirs and the insurer under subsection 106(5), we explained that "a third-party recovery must reimburse the employer or insurer for workers' compensation sums already paid as well as offset for future liability of sums owed." *Id.* ¶ 23. And in determining the

---

[7] We observe that the phrase "as their interests may appear" is "sometimes used in insurance policies to show that the named insured has an interest, [usually] an unspecified one, in the property covered by the policy and is entitled to benefits to the extent of that interest." *ATIMA*, BLACK'S LAW DICTIONARY (12th ed. 2024). But here, we are analyzing a statute, not a contract. And neither party has suggested that, as used in subsection 106(5), the phrase "as their interests may appear" is a term of art.

[8] For the same reason, we reject Employer's related arguments that the Commission lacked statutory authority to consider the value of future benefits.

insurer's interest in the recovery for purposes of calculating its proportionate share of the associated legal expenses, we accounted for the insurer's future liability and declined to include the insurer's past payments only because the insurer had waived its interest in those payments. *Id.* ¶ 26. Thus, we implied that an employer's "total interest" usually will be based on past payments and future liability. *See id.* Finally, we also accounted for subsection 106(5)(a)(i), stating that to obtain the recovery, "the employer or insurer must *first* bear a proportionate share of the expenses." *See id.* ¶ 23.

¶39 Narciso correctly construes *Esquivel* as "declar[ing] that *future* benefits are part of the computations to be applied under that statute . . . before the carrier is entitled to any offset." Stated another way, *Esquivel*'s holding on this point is that when an employer claims reimbursement and/or offset under subsection 106(5), the employer's proportionate share of legal expenses includes consideration of the corresponding past payments and/or future liability. *See id.* ¶¶ 26–28.

¶40 Applied here, we conclude that because Employer sought both reimbursement and offset, the Commission did not err under subsection 106(5) when it considered both past payments and future liability in determining Employer's proportionate share of legal expenses for the third-party action. The Commission correctly reasoned that Employer's "share of the attorney fees and costs to obtain the tort recovery . . . necessarily includes consideration of the cost of Mr. Narciso's future benefits because [Employer's] interest in the tort recovery includes an offset against the cost of paying those future benefits."

¶41 Employer resists this conclusion, arguing that unlike the limited benefits in *Esquivel*, "the precise amount of [Narciso's] future benefits" are "uncertain" and our reading imposes an unfair risk on Employer that future benefits will not be incurred and thus it will not actually recoup from the recovery. But when an employer seeks to recoup from a third-party recovery, the legislature has chosen to hold the employer accountable for its share of the expenses incurred to secure that recovery. Employer's argument contesting this policy choice would be better addressed to the legislature. Likewise, Employer's other policy-based arguments are not properly addressed to this forum.

¶42 In short, because Employer seeks to offset its future liability, the Commission did not err in including Narciso's

anticipated future benefits when determining Employer's proportionate share of legal expenses.

## II. THE COMMISSION DID NOT ERR IN ORDERING EMPLOYER TO REIMBURSE NARCISO FOR EMPLOYER'S UNPAID PROPORTIONATE SHARE OF THE LEGAL EXPENSES

¶43 Employer next contends that the Commission erred by affirming the ALJ's order that Employer make what it calls an "advance of benefits" in the amount of $571,523.29 because these "benefits" are "not vested" until they have been incurred. Narciso responds that this order was proper because it required "that Employer *first* reimburse [Narciso] for [its] proportionate share of the costs of the third party settlement *before* being entitled to offset those settlement proceeds [and] did not require any 'advance' to [him] of future benefits." We agree with Narciso, reject Employer's arguments, and allow the order to stand.

¶44 This issue arose because all legal expenses of the third-party action were already paid by Narciso from the recovery. Once the ALJ determined on remand that Employer's proportionate share of the legal costs was "more than 100%," Employer became responsible for the entirety of those expenses, creating a credit owed to Narciso. *See* UTAH CODE § 34A-2-106(5)(a)(ii); *see also Esquivel v. Lab. Comm'n*, 2000 UT 66, ¶¶ 28–29, 7 P.3d 777 (explaining that where the employee's heirs paid all expenses out of the recovery, the insurer owed them a "credit" for its share of the expenses). Applying subsection 34A-2-106(5)(b), the ALJ then took the total amount of past benefits already paid to Narciso ($1,578,095.60) for which Employer was entitled to reimbursement and subtracted the total legal expenses for which it was responsible ($2,149,618.89), leaving $571,523.29 as a credit owed to Narciso for Employer's unpaid proportionate share of fees. Consistent with our direction in *Esquivel*, the ALJ then ordered Employer to pay Narciso for the credit owed. *See Esquivel*, 2000 UT 66, ¶ 31.

¶45 Therefore, when Employer was ordered to pay $571,523.29, Employer was not ordered to advance benefits; it was ordered to reimburse Narciso for its proportionate share of legal expenses. And we have explained that while "a third-party recovery must . . . offset for future liability of sums owed, . . . the employer or insurer must *first* bear [its] proportionate share of the expenses for obtaining the recovery." *Id.* ¶ 23. The reimbursement order required Employer to do just that. We thus reject all of Employer's arguments based on the flawed premise that the order

required Employer to advance benefits, and we do not disturb the Commission's decision.[9]

## CONCLUSION

¶46 We hold that where, as here, an employer or insurance carrier seeks both reimbursement and offset under Utah Code subsection 34A-2-106(5), its proportionate share of the legal expenses of the injured employee's third-party action includes consideration of both past and future benefits. We also hold that where, as here, an employee has paid all legal expenses, the employer or insurance carrier must bear its proportionate share of expenses before offsetting future benefits against the tort recovery. Accordingly, we allow the Commission's decisions to stand.

───────────────

[9] Employer also raises concerns that the reimbursement order, which was "based on payment of an attorney fee for which [it] had no contractual privity or involvement[,] can encourage unwarranted and/or reckless litigation." But this is another policy argument. As explained, the legislature has opted to make an employer liable for its share of *reasonable* legal expenses despite the lack of privity because and to the extent the employer seeks to benefit from that recovery. *See* UTAH CODE § 34A-2-106(5)(a)(i). In any event, Employer stipulated to the reasonableness of legal expenses. Employer's concerns therefore aren't properly before us.